IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JACQUELINE WEATHERLY, CYNTHIA    )
WILLIAMS, and LYDIA BURKHALTER,  )
                                 )
              Plaintiff,         )
v.                               )        Case No. 2:10cv192-WHA
                                 )
ALABAMA STATE UNIVERSITY,        )               (wo)
                                 )
              Defendant.         )

**MEMORANDUM OPINION AND ORDER**

**I.  INTRODUCTION**

This cause is before the court on a Motion to Sever Claims (Doc. #9) and a Motion to

Dismiss Sexual Harassment Claims (Doc. #11), filed by the Defendant, Alabama State

University ("ASU").

The Plaintiffs bring claims for violations of Title VII of the Civil Rights Act of 1964, as

amended.  All Plaintiffs bring claims for racial harassment and hostile work environment (Count

One) and sexual harassment and hostile work environment (Count Two).  Plaintiff Jacqueline

Weatherly also brings claims for racial and sexual harassment (Count Three) and retaliation

(Count Four).  Plaintiff Cynthia Williams brings claims of racial and sexual discrimination

(Count Five) and retaliation (Count Six).  Plaintiff Lydia Burkhalter brings race and gender

discrimination claims (Count Seven) and retaliation (Count Eight).

The Defendant, ASU, seeks to sever the claims of the three Plaintiffs from one another,

and to dismiss some claims of one Plaintiff, Lydia Burkhalter.

For reasons to be discussed, the Motion to Dismiss is due to be DENIED as moot, and the

Motion to Sever is due to be DENIED.

## II.  FACTS

Accepting the allegations of the Complaint as true, which the court must do for the purposes of these motions, the facts of the case, in summary, are as follows:

The Plaintiffs are current and former employees of ASU.  Jacqueline Weatherly ("Weatherly") was the first of the Plaintiffs to advance an internal complaint of discrimination at ASU.  She voiced a complaint of harassment and hostile work environment, based on the actions of Lavonette Bartley ("Bartley").  At the time, Bartley was the Associate Executive Director for Marketing and Communications at ASU.   Bartley reported to John Knight ("Knight"), who at the time was the Special Assistant to the President and Executive Director for Marketing & Communications.  This complaint was investigated and Plaintiffs Cynthia Williams ("Williams") and Lydia Burkhalter ("Burkhalter") provided testimony favorable to Bartley during the investigation.  Thereafter, Williams and Burkhalter experienced sexually and racially offensive comments in the workplace and inappropriate conduct by Bartley.  Plaintiff Burkhalter complained to Plaintiff Williams, her supervisor, about Bartley's conduct.  Williams subsequently was interviewed again in the investigation of Weatherly's complaint and explained that although she initially provided testimony favorable to Bartley, since that time she had experienced harassing conduct herself.   The Plaintiffs allege that John Knight did not respond to complaints about harassment.  They allege that various adverse actions were taken which they contend were in retaliation for their having voiced complaints or having participated in each other's complaints of discrimination.

## III.  DISCUSSION

As stated above, ASU has filed a Motion to Dismiss and a Motion to Sever.  In their brief

in response to the Motion to Dismiss, the Plaintiffs have requested the imposition of costs and fees.

ASU's Motion to Dismiss concerns the sexual harassment claim alleged in the Complaint, but ASU only seeks to dismiss the claim of Burkhalter.  In response, the Plaintiffs have stated that their Complaint does not assert a quid pro quo harassment claim on Burkhalter's behalf, or on behalf of either of the other Plaintiffs, but only a hostile environment claim on behalf of all three Plaintiffs, and that that claim is properly pled.  The Plaintiffs ask that the court deny the Motion to Dismiss and impose sanctions pursuant to Rule 11.  In reply, ASU concedes that now that the Plaintiffs have clarified that there is no quid pro quo sexual harassment claim, the Motion to Dismiss is due to be DENIED as moot.  *See* Doc. #19 at p. 2.  Accordingly, the court will deny the Motion to Dismiss as moot.

Although the Motion to Dismiss is moot, the court cannot conclude that ASU should be assessed costs and fees pursuant to Rule 11 for having filed the motion.  Courts impose sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure when a party files a pleading (1) that has no reasonable factual basis; (2) that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) that is filed in bad faith for an improper purpose.  *See Kaplan v. DaimlerChrysler, A.G.,* 331 F.3d 1251, 1255 (11th Cir. 2003).  ASU conceded that its motion was due to be denied once it was made clear by the Plaintiffs that they were not asserting the claim ASU perceived them to be asserting.  Given that the Complaint is 50 pages long and contains multiple factual assertions involving alleged harassing conduct and adverse employment actions, the court cannot conclude that ASU's motion was so baseless or was filed for delay or improper purpose so as to warrant

the imposition of sanctions under Rule 11.

ASU has also moved to sever the claims by Weatherly, Williams, and Burkhalter from one another, stating that the claims are not properly joined in a single action because there are distinct factual differences in the three Plaintiffs' claims. The authority relied on by ASU in support of its motion, *Grayson v. K-Mart Corp.*, 849 F. Supp. 785 (N.D. Ga. 1994), is factually distinct, however, in that that case did not involve harassment claims, or claims of retaliation for participation in other plaintiffs' complaints of discrimination.

Under Rule 20 of the Federal Rules of Civil Procedure, people may join in one action as plaintiffs if they (1) assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences, and (2) any question of law or fact common to all plaintiffs will arise in the action. In evaluating joinder, a court "is guided by the underlying purpose of joinder, which is to 'promote trial convenience and expedite the resolution of disputes, thereby eliminating unnecessary lawsuits.' " *Swan v. Ray*, 293 F.3d 1252, 1253 (11th Cir.2002) (per curiam) (quoting *Alexander v. Fulton County, Ga.*, 207 F.3d 1303, 1323 (11th Cir.2000)).

Other courts have found that joinder is proper where there are different plaintiffs claiming harassment based on overlapping evidence. *See, e.g., DeShiro v. Branch*, No. 96-800-CIV-T-17E, 1996 WL 663973 (M.D. Fla. Nov. 13, 1996). Although ASU points to the factual disparities alleged in this case, it appears that there are at least some overlapping factual and legal issues in the harassment claims and retaliation claims as alleged, and that the claims arise out of the same occurrences. It may be, upon development of the evidence in this case, that it ultimately appears that the claims of the three plaintiffs should be severed for trial. At this point

in the proceedings, however, judicial economy is served by joinder, rather than proceeding in duplicative suits with duplicative discovery.  *See Monsanto v. Fleming*, No. 3:07cv105-J-33HTS, 2007 WL 3521724 (M.D. Fla. Nov. 15, 2007).  Therefore, the Motion to Sever will be DENIED, but ASU will be allowed to re-raise this issue at an appropriate time prior to trial, should ASU choose to do so.

## IV.  CONCLUSION

For the reasons discussed, it is hereby ORDERED as follows:

1.  The Motion to Dismiss (Doc. #11) is DENIED as moot.

2.  The Motion to Sever (Doc. #9) is DENIED without prejudice to being raised again at a later time.

3.  The Plaintiff's request for costs and fees imposed pursuant to Rule 11 (Doc. #17 p. 16) is DENIED.

Done this 30th day of April, 2010.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE