IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JACQUELINE WEATHERLY, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CASE NO. 2:10-cv-192-WHA |
| ) | |
| ALABAMA STATE UNIVERSITY, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b)(1), the Motion for Preliminary Injunction (Doc. 32, filed 7/6/11) was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law (Doc. 36, filed 7/7/11). The Court convened a hearing on the matter on July 21, 2011. After due consideration of the briefs, oral arguments, and the applicable law, it is the Recommendation of the Magistrate Judge Plaintiff's Motion for Preliminary Injunction be DENIED.

**I. BACKGROUND**

Plaintiff Jacqueline Weatherly ("Weatherly") filed this action against Defendant Alabama State University ("ASU") on March 4, 2010. *See* Doc. 1. Weatherly is currently employed as a Staff Associate at ASU. *See* Doc. 42 at ¶ 13. On July 6, 2011, she filed this motion for preliminary injunctive relief wherein she seeks to prevent ASU from proceeding with the termination action against her. *See* Docs. 32-33. Weatherly asserts the termination

at issue constitutes retaliation in violation of Title VII and that she will be irreparably harmed should ASU be permitted to proceed. The termination action stems from a mistaken $24,458.09 overpayment to Weatherly. Upon discovery of the overpayment - eleven days later - ASU demanded repayment. Weatherly did not have the funds to pay the total amount back to ASU but she offered to pay back $10,000 immediately and enter a payment plan for the remaining balance. ASU declined and again demanded payment in full. ASU sent letters to Weatherly to which Weatherly did not respond. After Weatherly did not pay the total debt in full immediately, ASU initiated termination proceedings against her. Weatherly then filed the motions at issue. *See* Docs. 32-33. On July 7, 2011, the District Judge denied the motion for a temporary restraining order and referred the preliminary injunction to the Magistrate Judge. *See* Doc. 36. The motion has been fully briefed and is ripe for the Court's review.

## II.  DISCUSSION AND ANALYSIS

A preliminary injunction in advance of trial is an extraordinary remedy. *Bloedorn v. Grube*, 631 F.3d 1218 (11th Cir. 2011) (citing *United States v. Jefferson Cnty.*, 720 F.2d 1511, 1519 (11th Cir. 1983)). The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002) (citations omitted). A party is entitled to a preliminary injunction if he establishes the following prerequisites: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) that the threatened injury to the party outweighs the potential harm to the opposing party; and (4) that the injunction will not

disserve the public interest. *Id.*; *see also Bloedorn*, 631 F.3d at 1229 (listing 4 elements). A preliminary injunction is a drastic remedy, hence Weatherly bears the burden to clearly establish all four elements. *See Café 207 v. St. Johns County*, 989 F.2d 1136, 1137 (11th Cir. 1993). If she is unable to show one element, the others need not be considered.

      Weatherly cannot demonstrate that she will suffer irreparable harm. While certainly termination would cause her harm, Weatherly cannot show that the harm from termination is irreparable. First, prior to termination, ASU must convene a hearing with a hearing officer who will then make a recommendation on whether to retain or terminate Weatherly. Next, the President of ASU must determination whether to affirm the findings much less any negative findings against Weatherly. Either party may lodge a discretionary appeal to the Board of Trustees if they are dissatisfied with the actions of the Hearing Officer, the President or both . None of these events have taken place and it is not a foregone conclusion that the process will result in the termination of Weatherly. It is well settled that speculative, conjectural harm does not constitute irreparable injury. *See Church v. City of Huntsville*, 30 F.3d 1332, 1337 (11th Cir. 1994) ("a party has standing to seek injunctive relief only if the party alleges, and ultimately proves, a real and immediate-as opposed to a merely conjectural or hypothetical-threat of future injury"). Weatherly has the potential for a successful outcome at any of the foregoing three steps. Moreover, the Court does not feel it appropriate to interfere in the due process proceedings established by ASU as it would not only be a speculative ruling for Weatherly, but may encourage future plaintiffs to bypass the

administrative process entirely by filing their own requests for injunctive relief. To allow the administrative process to function will serve purposes for both sides too numerous to list such as, to allow the parties to sharpen the issues, to resolve the issues in a manner satisfactory to each party, and to resolve the matter in the most economical fashion. To allow the administrative action to run a full course serves an important function for the Court – i.e. to allow a ripe case or controversy to arise. Regardless of reason, the process exists for a reason and to bypass the administrative process that may negate that reason entirely.

Secondly, even if Weatherly is terminated, the harm would not be irreparable. The District Judge already permitted Weatherly to amend her complaint to include a retaliation claim related to the termination proceedings. *See* Docs. 36, 42. As a result, her retaliation claim has now been made part of the lawsuit. Thus, the possibility that adequate compensatory and other corrective relief at a later date weighs heavily against a claim of irreparable harm. *Drago v. Holiday Isle, L.L.C.*, 537 F.Supp.2d 1219, 1222 (S.D. Ala. 2007) (citing *Sampson v. Murray*, 415 U.S. 61, 90, 94 S.Ct. 937, 953, 39 L.Ed.2d 166 (1974)). As the retaliation claim is now part of the lawsuit, Weatherly has the potential for monetary damages for the claim. "[I]f an injury can be 'undone through monetary remedies,' it is not irreparable." *SME Racks, Inc. v. Sistemas Mecanicos Para, Electronica, S.A.*, 243 Fed. Appx. 502, 504 (11th Cir. 2007) (quoting *Ne. Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fla.*, 896 F.2d 1283, 1285 (11th Cir. 1990)). As far as health insurance, Weatherly has the option to extend coverage through COBRA or contract for

alternative health insurance coverage were ASU to terminate her.[1]  Finally, Plaintiff complains about the damage to her reputation because of the gossip that would occur at ASU. The Court does not find the argument persuasive as it rests upon speculation and conjecture. Should Weatherly prevail in her lawsuit, any harm to her reputation will likely dissipate.

As Weatherly fails to meet the requirement to demonstrate irreparable harm, the Court need not evaluate the other 3 requirements for a preliminary injunction.

### III. CONCLUSION

Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge that the Motion for Preliminary Injunction (Doc. 32) be **DENIED**.

**IT IS FURTHER ORDERED** that the parties file any objections to the this Recommendation on or before **August 8, 2011**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District

---

[1] The majority of health insurance providers do not have a waiting period or exclude preexisting conditions so long as there is no break in coverage.  Thus, the Court finds the argument there unavailing because Weatherly can make arrangements to ensure there is no break in her coverage.

Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 25th day of July, 2011.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE