IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JACQUELINE WEATHERLY, CYNTHIA WILLIAMS, and LYDIA BURKHALTER, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No.  2:10CV192-WHA |
| ALABAMA STATE UNIVERSITY, | ) ) ) | (wo) |
| Defendant. | ) | |

ORDER

This cause is before the court on the Plaintiffs' Objections to Defendant's Amended Witness List (Doc. #104).   The Plaintiffs object to Dr. Joe L. Reed as a witness for the Defendants in this case.

The Plaintiffs state three bases for their objection to Dr. Joe L. Reed as a witness: (1) that Dr. Reed was not timely disclosed, (2) that the attorney-client privilege precludes his testimony, and (3) that Dr. Reed does not have any personal knowledge of the facts in this case.

The Defendant responds that, although Reed was not disclosed in initial disclosures, he was still timely disclosed because it was only after the close of discovery, when certain events transpired, that counsel for the Defendant concluded that Reed had information relevant to the credibility of the Plaintiff's evidence.   The Defendant refers the court to its response to objections to its Exhibits 52-52(b).  Those exhibits are documents with June and October 2011 dates.  The Defendant argues, therefore, that the January 13, 2012 amended witness list was as soon as reasonably possible after the information was discovered, within *Fed. R. Civ. Pro.* 26.

The Defendant also states that any information Reed would provide is likely only relevant for impeachment, and the Defendant identified Reed on the witness list only in an abundance of caution.

The Defendant finally argues that no attorney-client privilege can be invoked because Reed is not an attorney.   The court agrees that that privilege does not apply to Reed.  *See Medtronic Xomed, Inc. v. Gyrus Ent, LLC*, 3:04cv400-J-32MCR, 2006 WL 624125 at *1 (M.D. Fla. March 10, 2006) (stating that supervisor's communications are not privileged "simply because the communications of [a] subordinate (who is an attorney) are protected by the attorney-client privilege . . . .").

Based upon the representation by the Defendant that Reed's testimony will be used for impeachment, the court concludes that the objection is due to be and is hereby ORDERED OVERRULED.

DONE this 30th day of January, 2012.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE