**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| JACQUELINE WEATHERLY, | ) | |
| CYNTHIA WILLIAMS, and LYDIA | ) | |
| BURKHALTER, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No.  2:10CV192-WHA |
| | ) | |
| ALABAMA STATE UNIVERSITY, | ) | (wo) |
| | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

This cause is before the court on the Defendant's Objections to Plaintiffs' Amended Exhibit List for Trial (Doc. #100), and the Plaintiffs' Reply, which includes a Motion to Strike (Doc. #114).

The Defendant, Alabama State University ("ASU" or "Defendant") first objects generally to all of the Plaintiffs' exhibits, stating that it objects until the relevance to a fact issue, admissibility for a specific purpose, authenticity, and foundation are established.

The Plaintiffs respond that this general objection is improper, and move to strike that objection.  That Motion to Strike is due to be GRANTED.   The purpose of pre-trial objections to exhibits is to identify exhibits which will be admitted without the need for a witness, exhibits which will not be admitted under any circumstances, and exhibits which may be admitted with the proper foundation.

The Defendant's specific objections to other numbered exhibits, and the Plaintiffs' responses thereto, are in large part very general in nature.  That is, the Defendant has objected to

many exhibits by merely stating a ground for objection without elaboration, and the Plaintiffs have responded with a general explanation in opposition.  Therefore, as will be noted below, where the court cannot resolve the objection on the face of the parties' objections and responses, the court has simply indicated that if the Plaintiffs seek to admit the document at trial, the court will entertain, and rule on, evidentiary objections at that time.   Only where exhibits are clearly inadmissible, in the face of Defendant's objections, will the court rule on the objections at this time.

**Objections to Composite Exhibits**

An example of the circumstance in which the court cannot rule on the objections at this time is the composite exhibits which Plaintiffs have identified as exhibits.  The exhibits as identified are not admissible.  There may be documents within them which are admissible, but as currently identified, the composite exhibits will not be admitted.

Exhibit 9–Jacqueline Weatherly's investigative file–the Defendant argues that this exhibit is hearsay, contains inadmissible lay opinion, contains inadmissible evidence of compromise negotiations, contains improper "other acts" evidence, is not prior testimony, and is duplicative and cumulative, and violates Rule 403.

The Investigative file included at Exhibit 9 includes allegations and reports after investigations of the internal EEO and the federal EEOC.

The Eleventh Circuit has held that the admission of EEOC reports and determinations is left to the discretion of the trial court. *Barfield v. Orange County*, 911 F.2d 644, 651 (11th Cir. 1990).  In exercising its discretion, a court is to consider whether the report contains legal conclusions in addition to its factual content, whether the report raises questions of

trustworthiness under Rule 803(8)(c), and whether it presents problems cognizable under Rule 403. *Id.* The Eleventh Circuit has explained that the admission of an EEOC report may be likely to present to danger of creating unfair prejudice in the minds of a jury. *See Walker v. NationsBank of Florida, N.A.*, 53 F.3d 1548 (11th Cir. 1995). The court will not admit EEOC reports and determinations.

The exhibit as a whole may contain some evidence of probative value, but may also contain documents as to which the probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. The objection, therefore, is due to be SUSTAINED as to the admissibility of the entire Exhibit 9. If the Plaintiffs seek to admit particular portions of Exhibit 9 which are not findings by the EEOC, they may attempt to lay an appropriate foundation for those portions of the exhibits.

One group of composite exhibits consists of personnel files of the Plaintiffs and decision makers in this case. Exhibit 11--Lydia Burkhalter's personnel file, Exhibit 14--Cynthia Williams' personnel file, Exhibit 27--Jacqueline Weatherly's personnel file through June 2011, Exhibits 30 and 40--Lavonette Bartley's personnel file, and Exhibit 31--John Knight's personnel file, are objected to by the Defendant as hearsay, containing hearsay, containing imadmissible lay opinion, duplicative and cumulative, containing improper other acts, and in violation of Rule 403, and, in some cases, containing confidential information.

Some personnel files, including Exhibit 101–Kenneth Waters personnel file, Exhibit 106–Carmen Douglas' personnel file, Exhibit 109–Janel Bell Haynes' personnel file, and Exhibit 110–Harold Tate's personnel file, Exhibits 114 and 115–Gwendolyn Mann and Gloria Johnson, Exhibit 118–Lewis Black, Exhibit 199-Bernadette Chapple, Exhibit 193–Joseph Lee,

194–William Harris, 195–Bevery Rudolph, are also objected to on the basis that they contain documents which violate Rule 404(b) because they include improper evidence of "other acts."

The Plaintiffs state that the personnel records constitute business records, and any confidential information has been redacted. The Plaintiffs have also demonstrated relevance for some portions of some exhibits. There are, however, documents unrelated to those purposes, such as denial of health benefits of decision makers, for example. In addition, some documents contain handwritten notations. The unrelated documents within the exhibits, even if marginally relevant, would have a slight probative value substantially outweighed by the danger of confusion of the issues and misleading the jury if the entire exhibit was admitted as designated.

If the Plaintiffs seek to admit a portion of any of these composite exhibits at trial, they may offer them with the proper foundation, and the court will rule at trial on any objections to admissibility that the Defendant may voice at that time.

To the extent that composite exhibits contain evidence objected to under Rule 404(b), those objections are governed by the court's ruling on the Defendant's Motion in Limine.

Additional composite exhibits are as follows: Exhibit 15–composite exhibit of correspondence and memoranda regarding Weatherly's sick leave;

Exhibit 33–is a composite exhibit of documents used in the deposition of Carmen Douglas;

Exhibits 150, 151–contains memos between Weatherly and Rudolph regarding job duties and evaluations;

Exhibit 184–documents regarding contract service providers;

Exhibit 192–documents which the Plaintiffs state are from the calendars of John Knight;

Exhibit 233–emails from Weatherly, but also a memorandum to Weatherly;

Exhibit 235, Exhibit 239–memos and emails regarding FMLA leave between Weatherly and Douglas;

Exhibit 251–requests by Weatherly for carpet replacement and claim for injury resulting from tripping on carpet;

Exhibit 254–administrative leave pay memo to Knight and accompanying documents; and

Exhibit 263–this is a reclassification memo, although with other documents.

The objections as to these entire exhibits, as currently marked, are due to be SUSTAINED.  If the Plaintiffs seek at trial to admit a portion of any of these composite exhibits as to which the court has not sustained the Defendant's objections at trial, they may offer them with the proper foundation, and the court will rule at trial on any objections to admissibility that the Defendant may voice at that time.  Any such portions must be separately pre-marked as exhibits and disclosed to the Defendants **no later than noon on February 2, 2012**.

Exhibit 143–Board of Adjustment documentation.  The Board of Adjustment claim is the subject of a motion in limine as well.  The admissibility of particular documents within this exhibit is governed by that ruling, subject to further admissibility objection by the Defendant at trial.

Exhibit 113–complaints of ASU employees. The Defendants have objected on multiple grounds, and have filed a Motion in Limine concerning evidence of other complaints.  The admissibility of these documents will be governed by the court's ruling on the Motion in Limine.

Exhibit 146 contains various documents relating to internal EEO. It is objected to as irrelevant, hearsay, duplicative of other exhibits and violating Rule 403. The Plaintiffs respond that it is definitionally non-hearsay under Fed. R. Evid. 801(d)(1)(B), but the multiple documents within this exhibit do not all meet that rule.  Rule 801(d)(1)(B) states that if a declarant testifies and is subject to cross-examination about a prior statement, and the statement is consistent with the declarant's testimony and is offered to rebut an express or implied charge that the declarant recently fabricated it or acted from a recent improper influence or motive, the statement is not hearsay.   If the Plaintiffs contend that some of the documents within this exhibit can be admitted pursuant to that rule, they may seek to establish a foundation for admissibility, subject to objection by the Defendant at trial.

### Objections to Emails from the Plaintiffs

Many of the exhibits objected to by the Defendant are emails sent from various Plaintiffs to other Plaintiffs or other ASU employees and officials.

In some responses to objections, the Plaintiffs invoke Fed. R. Evid. 803 (5) as a basis for admissibility, while in response to others, the Plaintiffs invoke Fed. R. Evid. 801(d)(1)(B).  If the Plaintiffs seek to rely on the exception for a recorded recollection, under 803(5), "the memorandum . . . may be read into evidence but may not itself be received as an exhibit unless offered by an adverse party."   Under Rule 801(d)(1)(B), a statement is not hearsay if a declarant testifies and is subject to cross-examination about a prior statement, and the statement is consistent with the declarant's testimony and is offered to rebut an express or implied charge that the declarant recently fabricated it or acted from a recent improper influence or motive.   For admissibility on either basis, the Plaintiffs will have to lay an appropriate foundation for

admissibility, and the emails will still be subject to relevance and Rule 403 objections currently made to those exhibits.  These emails include the following exhibits:

Exhibit 22–email correspondence between Cynthia Williams, John Knight, Lavonette Bartley. Bernadette Chapple, and Lydia Burkhalter regarding sick leave.  The Defendant objects on hearsay and Rule 403 grounds;

Exhibits 25, 26, and 85–these exhibits contain email correspondence between Zillah Fluker, Associate Vice President of Development, and Jacqueline Weatherly regarding leave. The Defendants object on hearsay grounds and under Rule 403.   The email from Fluker states that Weatherly will be given leave without pay to attend depositions in this case.  "Statements falling under the hearsay exclusion provided by Rule 801(d)(2) are no longer referred to as 'admissions' . . . . [A] statement can be within the exclusion even if it 'admitted' nothing and was not against the party's interest when made."  Advisory Committee Note.  Therefore, the email from Fluker may be admitted as a statement of a party opponent, if the appropriate foundation is laid.  *See In re BankAtlantic Bancorp., Inc.*, No. 07-61542-CIV, 2011 WL 1585605 (S.D. Fla. April 25, 2011) (analyzing admissibility of email and stating "The admissibility of statements by party-opponents as non-hearsay under Rule 801(d)(2) is the product of the adversary system, rather than the satisfaction of the conditions of the hearsay rule, such as the reliability of the statement. Fed.R.Evid. 801(d)(2)(D) advisory committee's note.").  However, it is unclear how any of the emails are relevant, and the Plaintiffs do not explain why they are relevant.;

Exhibit 26–email correspondence from Weatherly to Zillah Fluker regarding deposition updates;

Exhibit 29–the Defendant objects on hearsay and Rule 403 grounds.  The exhibit is an email which has been redacted so that it does not state from whom it was sent.  This unattributed email cannot meet a hearsay exception, or hearsay exclusion.  The objection is due to be SUSTAINED.

Exhibit 46–email correspondence from Cynthia Williams to Lydia Burkhalter is objected to on grounds of relevance, hearsay, that the document is incomplete, and that it violates Rules 404(b) and 403.  The Plaintiffs respond that the document shows that contract services were being filtered through a company partly owned by Bartley.  There is no text in the email, it merely states that there is an attachment for Memo of Contract Services–FORBUS.docx.  The court cannot conclude that this document meets a hearsay exception or is relevant.   If the Plaintiffs seek to introduce this exhibit at trial, the court will rule on any objections raised to its admissibility at that time.;

Exhibit 70–draft email correspondence from Burkhalter to Knight which is objected to by the Defendants because it was never sent and is irrelevant and otherwise improper under 404(b) and 403.  The Plaintiffs state that it tends to show that a complaint was sent and the severity and pervasiveness of the conduct.  The court cannot agree that the draft email can be considered for the truth under the hearsay rule, and if offered for the fact that she wrote a draft email, the exhibit would not be relevant.  The objection to Exhibit 70 is due to be SUSTAINED.;

Exhibit 71–correspondence from Williams to Burkhalter.  The email inquires of Burkhalter whether Williams will be terminated for leaving early to care for her sick child.  The Plaintiffs state that the evidence is relevant to show intimidation and fear of abuse or retaliation in the workplace.  The court cannot agree that the evidence is relevant to showing harassment on

8

the basis of gender or race, or retaliation for protected activity.  Even if the evidence has some probative value, it is substantially outweighed by the danger of unfair prejudice and confusion of the issues.  The objection to Exhibit 71 is due to be SUSTAINED.;

Exhibit 73–email from Burkhalter to Williams stating that Bartley acted appropriately before her EEO hearing, but now is unprofessional, and waits until Knight is gone to use a rude tone. These emails are hearsay, not subject to the record of regularly conducted activity exception.  If the Plaintiffs seek to rely on the exception for a recorded recollection, subject to the Defendant's objection at trial, "the memorandum . . . may be read into evidence but may not itself be received as an exhibit unless offered by an adverse party."  Fed. R. Evid. 803 (5).

Exhibit 76–email from Plaintiff Burkhalter to Douglas.  This email appears to be offered for the truth of the matter, and is not a record of a regularly conducted activity.  If the Plaintiffs seek to admit the substance of the email pursuant to Rule 803 (5), as noted above, that attempt will be subject to objection by the Defendant at trial.

Exhibit 122, Exhibit 145 –email from Plaintiff Weatherly to Williams regarding EEO tapes, and email from Douglas to Weatherly about the tapes are objected to as hearsay, irrelevant, and due to be excluded under Rule 403.

The Plaintiffs argue that the email from Weatherly is admissible as a prior consistent statement offered to rebut a charge of recent fabrication or improper motive.  *See* Fed. R. Evid. 801(d)(1)(B).   The email from Douglas also may be non-hearsay under Rule 801(d)(2).  The probative value of such evidence, however, would seem to be substantially outweighed by a danger of confusion of the issues or misleading the jury.  The court will rule on an objection by the Defendant to this evidence if it is offered by the Plaintiffs at trial.

Exhibit 144–email from Weatherly to Rudolph–in this email, Weatherly is seeking notification about the internal EEO recommendation.;

Exhibits 155, 246–email from Plaintiff Williams to the Trustees and the EEO committee dates March 2009, regarding Bartley appeal of Weatherly' complaint;

Exhibit 156–an email from Williams to Harris complaining about Bartley being on a screening committee;

Exhibit 162–emails from Weatherly concerning schedule carpet replacement;

Exhibit 164–this exhibit is a composite of emails from and to Weatherly about her attendance at an Administrative Professionals' Day Workshop on April 20, 2010;

Exhibit 176–email from Weatherly to Beverly Rudolph complaining about the need to transfer, retaliation, and issues with leave;

Exhibit 180–email from Williams to the EEOC investigators;

Exhibits 217, 218, 232, 235, 241– emails from Weatherly to Kecia Robertson about her FMLA leave;

Exhibit 219–email from Weatherly to Douglas for new FMLA policy;

Exhibit 220–email from Weatherly to Janel Bell about her leave request;

Exhibit 230–email from Weatherly to Alondrea Pritchett about her lost wages and out of pocket expenses from June of 2009; and

Exhibit 250–email from Weatherly to Beverly Rudolph about her job description, and rebuttal of negative evaluation.

Again, as to all of the emails which the Plaintiffs argue are admissible under Rule 801(d)(1)(B) as a prior consistent statement offered to rebut a charge of fabrication or improper

10

influence or motive, the Plaintiffs may seek to establish a foundation for the content of this exhibit, subject to objection, at trial.

Exhibit 165–email from Weatherly to Glenda Bryan-Brooks about FMLA leave. The Plaintiffs invoke Fed. R. Evid. 801(d)(2) as the basis for admissibility in response to the Defendant's hearsay objection. The email is from Weatherly, however, and refers to statements made by an outside wage and hour board in Birmingham. The objection Exhibit 165 is due to be SUSTAINED because it does not fall within the cited exception to hearsay, and any slight probative value would be outweighed by the danger of undue prejudice and confusion of the issues.

**Objections to University Documents Unrelated to Plaintiffs With Unclear Relevance**

There are quite a few documents listed as exhibits which are documents circulated internally by ASU, or management officials of ASU, which would appear to fit the exclusion from the hearsay rule of statements by a party opponent, offered against a party opponent, under Fed. R. Evid. 801(d)(2). *See Wilkinson v. Carnival Cruise Lines, Inc.,* 920 F.2d 1560, 1565 (11th Cir. 1991) (stating "[t]his Rule provides that a statement is not hearsay if it is offered against a party and is 'a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship.'"). Even if non-hearsay, however, the relevance of some of these particular documents is not apparent. If the Plaintiffs seek to introduce these exhibits at trial, they will have to establish relevance, and then, if called upon to do so by the Defendant, the court will conduct Rule 403 balancing. These exhibits include the following:

Exhibit 23–email correspondence from Chapple to Lavonette Bartley dated August 30, 2010 regarding Dr. Knight's response to a request;

Exhibit 120–notice of employment contract for Bernadette Chapple in 2009.  As to relevance, the Plaintiffs state only that the probative value is high, but do not say for what purpose it is relevant;

Exhibit 157–email from Jeanette Williams to the faculty and staff dated February 5, 2010 about a Founder's Day convocation and apparently the Founder's Day program.  While the hearsay objection to the email is seemingly not well-taken, the relevance of that document, and the program, is not established in the Plaintiffs' response to the objection;

Exhibit 169–email from Bartley which says she will be out of her office;

Exhibit 170–memos between Bartley and Bell-Haynes concerning University Relations;

Exhibit 172–memo from Bell to Knight regarding Institutional Advancement Upcoming Events;

Exhibit 174–email from Danielle Kennedy-Lamar to Knight regarding her leave to make funeral arrangements for her uncle;

Exhibit 222--email from Janel Bell to Jacqueline Weatherly dated April 20, 2006 which states that Beverly Rudolph has comparative salary information which they can pull in the morning;

Exhibit 238–email from Bartley to others, stating that Bernadette Chapple would handle administrative responsibilities in Bartley's absence;

Exhibit 247–memorandum from LaVonette Bartley to Janel Bell Haynes from March 2008, instructing Bartley on how to fill out time sheets for sick leave; and

Exhibit 266–the 2006 Chief Operating Officer and Executive Vice President's Office Contact List.

As to all of the above documents which appear to be not excluded as hearsay, with proper foundation, as statements by a party opponent, or business records, but as to which the relevance is unclear, the Plaintiff must demonstrate the relevance of the documents, and that the probative value is not substantially outweighed under Rule 403.

Some of the documents which appear to be statements by ASU or ASU officials are due to be excluded under Rule 403 and that determination can be made based on the face of the documents as marked.  Those exhibits are as follows:

Exhibits 167, 182, 183, 240--Exhibits 167 and 240 are two copies of a memo from Knight to faculty and staff that says that holiday gatherings and gifts cannot be funded by the University.  Exhibit 182 is an unattributed paragraph which the Plaintiffs say is a memo from Bartley to Gallot and says alcohol was used in Knight's personal suite at the Magic City Classic. Exhibit 183 contains the same documents, but also contains an unattributed paragraph which states that ornaments were purchased by Bartley.   The Plaintiffs state that the probative value is not outweighed under Rule 403 balancing, but do not mention a relevant purpose for which this exhibit is offered.  Although there may be some relevance of this evidence, the court cannot conclude that admissibility has been established for the unattributed paragraphs, and whatever probative value the statements may have is so slight would seem to be substantially outweighed by unfair prejudice and confusion of the issues.   The issues in this case are whether there was harassment, discrimination, and retaliation.  Failure to follow other ASU policies, while tenuously relevant, could cause confusion of the issues, could mislead the jury, and waste time,

so that those factors substantially outweigh any probative value.  Therefore, the objections to Exhibits 167, 182, 183, and 240 are due to be SUSTAINED, and these exhibits may not be offered as substantive evidence in the Plaintiff's case-in-chief, but might be used for impeachment within the requirements of Rule 607, as alternatively sought by the Plaintiffs.

Exhibits 171 and 260–two copies of the same email from Knight to staff about voter registration.  The Plaintiffs have not given the court any reason that this email is relevant, and even if there is some relevance, the probative value is substantially outweighed by the danger of confusion of the issues, so that the Exhibits are due to be excluded, and the objection SUSTAINED as to 171 and 260.

Exhibits 181, 184–memo from Freddie Gallot, Vice President for Finance to Knight about vendors and amounts expended and memo from Knight to then-President Lee about contract service providers.  The Plaintiffs again do not explain the relevance, but based on other evidence identified, it appears that the Plaintiffs want to show that Bartley was improperly acting as a contract service provider while employed with ASU.  While that evidence might be slightly relevant if offered for that purpose, its probative value is substantially outweighed by the danger of confusion of the issues, and misleading the jury, so that as to that purpose for offering these exhibits, the objections are due to be SUSTAINED.

Exhibit 185–a check and acknowledgment of gift to the Knight scholarship fund.  The Plaintiffs contend that this is appropriately admitted under Fed. R. Evid.404(b).  Even if there is a purpose for which such evidence is appropriately offered, the slight probative value would be substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury, so that the objection to Exhibit 185 is due to be SUSTAINED.

14

**Objections to Letters of Recommendation**

Exhibits 210, 211, 212, and 213 are letters of recommendation of Plaintiffs.  The Defendants have objected to these letters as being irrelevant, hearsay, hearsay within hearsay, improper use of character evidence, lacking authentication and foundation, and violating Rules 404 and 405.  The Plaintiffs respond that the letters are admissible under Rule 803 (21), and that Weatherly will lay the appropriate foundation.   Rule 803(21) makes an exception to the hearsay rule for evidence about a person's reputation among the person's associates or in the community regarding the person's character.   To fit within Rule 608, however, opinion or reputation evidence must refer only to character for truthfulness and is admissible only if the person's character for truthfulness has been attacked.  Exhibit 210 does offer an opinion as to honesty and Exhibit 213 references honest information, so it may be that with appropriate foundation these exhibits are admissible, subject to objection by the Defendant.  Since Rule 803(21) does not refer to documents, and Rule 405 limits character proof to testimony, the foundation would have to include testimony of the writers of the letters and only if in response to an attack on the character of the plaintiff for truthfulness.   Exhibits 211 and 212 do not appear to fit that rule, and objections to them are SUSTAINED.  Ruling as to 210 and 213 are reserved pending offer after laying a foundation.

Exhibit 258 also appears to be a letter of recommendation, but is in email form, and is written by Kelvin Datcher.  Datcher writes about Weatherly's performance while he was Sports Information Director at ASU.  Plaintiffs seek admission of this exhibit on the basis of Rule 801(d)(2), and so will have to establish a foundation for that exhibit.  The Plaintiffs do not,

15

however, specifically explain the relevance of this document.  The court will rule on objections raised if this exhibit is offered at trial.

## Objections to Medical Evidence

Various exhibits are documents created by medical providers.  As to those exhibits, the Defendants have raised various objections, and, as to hearsay objections, the Plaintiffs state that the exhibit is a statement for diagnosis or treatment. Fed. R. Evid. 803(4).  The rule, however, applies to statements made to the physician for medical diagnosis and treatment.  Advisory Committee Note.   The Plaintiffs also, however, contend that the documents are records of regularly conducted activity under Fed. R. Evid. (6).  Therefore, if the Plaintiffs intend to offer these records over a hearsay objection at trial, they will have to establish a foundation for admissibility, and the court will rule on any other objection the Defendant raises at that time. These exhibits include:

Exhibit 51–is doctor's excuse for Lydia Burkhalter;

Exhibit 52–correspondence from Any Wybenga;

Exhibit 53–this exhibit is the same as Exhibit 52, except that it is stamped as received by the Executive Vice President's Office;

Exhibit 132, 201, 204, 206, 207--Exhibits 132 and 204 are letters written by Dr. Kynard Adams and Exhibit 201 is a certificate to return to work.  Exhibit 206 is a referral from Dr. Adams to Dr. Wool.  Exhibit 207 is employee work restrictions form of ASU about Weatherly, but is signed by a medicaid provider;

Exhibit 137, 139, 202, 203–letters from Dr. Wool to ASU and to Glenda Bryan-Brooks of the EEOC about Weatherly's stress;

16

Exhibit 140–doctor's excuse for Weatherly–objected to on relevance and hearsay grounds.   The Plaintiffs do not explain what the relevance of this document is.  It states that Weatherly can return to light duty.  The Plaintiffs seek to admit the exhibits as non-hearsay under Rule 801(d)(1)(B), which does not apply as that exclusion applies to prior consistent statements.  The Plaintiffs may attempt, subject to objection by the Defendant, to lay a foundation for their alternative basis of admissibility as a record of a regularly conducted activity;

Exhibit 248–medical imaging documents; and

Exhibit 275--appears to be a composite of medical bills incurred by Plaintiff Williams. The Plaintiffs represent that it is a composite of earnings by Williams.  The Plaintiffs have not established a basis for admissibility of medical expenses.

### Objections to Other Individual Documents

The remainder of this Order is directed to Defendant's remaining objections to particular exhibits, and the Plaintiffs' responses thereto.

Exhibit 1–Notice of Deposition Pursuant to Rule 30(b)(6)–the Defendants contend that this exhibit is irrelevant and that Plaintiffs have not designated any deposition testimony as to which the Exhibit could apply.   The Plaintiffs state that they did designate deposition excerpts from the 30(b)(6) representative, Carmen Douglas, and that this evidence is relevant because it shows that ASU put the Human Resources Director up as a 30(b)(6) representative.   The court will have to determine admissibility at trial, based on the state of the evidence.

Exhibits 8, 112–a chart of EEO Actions since 2000–the Defendant states that this exhibit is hearsay, does not comply with Rule 1006, and constitutes improper other acts evidence. This exhibit will be governed by the court's ruling on the Motion in Limine for EEOC determinations.

Exhibit 10–Lydia Burkhalter's Complaint to the internal EEO.  The Defendant objects that it is hearsay, contains hearsay and inadmissible opinion, contains improper other acts evidence, and violates Rule 403.

The Plaintiffs respond that the complaint to the EEO is relevant to show that Burkhalter attempted to report illegalities, and is evidence of her demeanor to show the effect of the wrongs and her inability to complete her job duties, and that the harassment was unwelcome and threatening.

It appears to the court that this document, which does not contain any determination or findings by the internal EEO committee, is relevant, and when offered to show that a complaint was made it is non-hearsay, and it is not unduly prejudicial and does not present a danger of confusion of the issues.  If offered for the truth of the matters asserted, however, the court cannot conclude that a proper foundation has been established to show that this is a regularly recorded activity.  Therefore, if offered at trial, the court will rule at that time on any objections the Defendants may interpose at trial.

Exhibit 12–Memo to Plaintiff Weatherly from Zillah Fluker, Associate Vice President of Development.  The Defendant objects to this document as hearsay, and containing hearsay. The Plaintiffs respond that the Defendant has also included this exhibit on its own list, that the document is not hearsay.  It does not appear that the Plaintiffs have objected to this exhibit on the Defendant's list.  The document states that Weatherly has been reprimanded for being absent

without authorization on May 31, 2011.   It appears that this document relates to a retaliation claim by Weatherly, and is admissible as a business record to show that she was reprimanded. The objection is OVERRULED, subject to laying appropriate foundation.

Exhibit 16–this exhibit is an article from the *Montgomery Advertiser*.  The Defendant objects to hearsay, and violation of Rules 404(b) and 403.  The Plaintiffs respond that the article shows that ASU knew there was a lack of institutional oversight, and that statements of the President of ASU are exceptions to hearsay.  The article concerns certification and coursework of students in the education department.  The slight relevance, if any, of this article, is substantially outweighed by the danger of unfair prejudice and confusion of the issues under Rule 403.  The objection to Exhibit 16 is due to be SUSTAINED.

Exhibit 17–this exhibit is also a newspaper article to which the Defendant has objected on hearsay, other acts, and Rule 403 balancing grounds.  The article concerns the State Department of Education's not honoring a master's degree of education from ASU.   Again, any slight relevance of this article is substantially outweighed by the danger of unfair prejudice and confusion of the issues under Rule 403.  The objection to Exhibit 17 is due to be SUSTAINED.

Exhibit 20–is a letter from Lydia Burkhalter to John Knight.  The Defendant objects stating that the exhibit is hearsay and contains inadmissible lay opinion.  The Plaintiffs state that this is an exhibit which the Defendant has also listed.   The Plaintiffs state that the document is not hearsay because it is statement of diagnosis and treatment, recorded recollection, and part of a business record.  The Plaintiffs also state that it tends to show that Burkhalter reported illegal activity.   To the extent that it is offered to show that Burkhalter made a complaint, rather than the truth of that complaint, it may be admissible.  The court will evaluate admissibility at trial.

Exhibit 21–Burkhalter's EEO complaint is objected to on hearsay grounds, as containing lay opinion, and as being duplicative of Plaintiffs' Exhibit 10.   The Plaintiffs maintain that there is a distinction between this exhibit and Exhibit 10.   No difference having been shown, however, and the exhibits appearing to be the same, the cumulative and duplicative objection is due to be SUSTAINED.

Exhibit 24–Memo from Cynthia Williams to John Knight.   The Defendant objects on relevance, hearsay, lack of personnel knowledge, inadmissible lay opinion, Rule 403, and authenticity grounds.   The Plaintiffs state that this memo is Williams' attempt to file a grievance after having been told not to do so.   This document was considered in ruling on the Motion for Summary Judgment.   The document is stamped as having been received by the Office of Special Assistant to the President.   This document is admissible at least for the purpose of showing that a complaint was made, if that purpose becomes relevant at trial.   Within the document, there is a quoted statement from John Knight, which would constitute a statement by a party opponent (formerly known as an admission) under Rule 801.   The opinion within the memo also appears to be permissible lay opinion.   The court will rule on admissibility if called upon to do so at trial.

Exhibit 32–the list of relatives of Carmen Douglas who live within the middle district. The Defendant objects to this exhibit as irrelevant and as due to be excluded under Rule 403. The Plaintiffs state that this was an exhibit attached to Carmen Douglas's deposition and will not be introduced at trial, but will be used during jury selection.   The objection is due to be SUSTAINED as to Exhibit 32, there being no relevance of the exhibit to the issues to be tried.

Exhibits 34, 158, 228–three copies of the same memorandum from Jeffrey Young, Director of University Police, to Kippy Tate, Vice President of Administrative Services–objected

20

to on relevance, hearsay, and Rule 403 grounds.  These exhibits consist of the same memo seeking to have Weatherly's temporary assignment to Public Safety made a permanent one.  The Plaintiffs argue that this evidence supports Weatherly's retaliation claim because it shows that she could have been made a permanent employee of Public Safety, rather than being transferred back to the building in which Bartley worked.   The Plaintiffs state that this is a business record and that statements within are nonhearsay.   The objection to Exhibit 34, 158, and the first page of 228 will require proper foundation be laid for admission.  The other pages of Exhibit 228 will have to be separately admitted, subject to Defendant's objection.

Exhibit 35–Memorandum from Jacqueline Weatherly to Sgt. Kerry Crumbie outlining work assignments.  The Defendants object on relevance grounds, and to hearsay, and on Rule 403 grounds.  The Plaintiffs argue that the exhibit is relevant because it shows that there was work to be completed in Weatherly's temporary position.  The Plaintiffs state that the evidence is admissible as a recorded recollection or a record of a regularly conducted activity.

If Plaintiffs are able to establish a proper foundation for the memorandum as a record of a regularly conducted activity, it may be admissible under Rule 803 (6).  *See Nair v. Columbus State Community College*, No. 2:02cv595, 2008 WL 3822341, 22 (S.D.Ohio Aug. 12, 2008) ("Memoranda that are ... unique do not qualify as business records.").  If the Plaintiffs seek to rely on the exception for a recorded recollection, "the memorandum . . . may be read into evidence but may not itself be received as an exhibit unless offered by an adverse party."  Fed. R. Evid. 803 (6).

The objection to Exhibit 35 is due to be OVERRULED, subject to the proper foundation being laid for admissibility.

Exhibit 36–transfer request documents of Jacqueline Weatherly–is objected to on hearsay grounds and under Rule 403.  This document appears to fall within the exclusion to the hearsay rule for statement by a party opponent, Rule 801(d)(2), and to be relevant to Weatherly's claim based on her transfer from Public Safety, and admissible under Rule 403 balancing.  Therefore, the exhibit may be admissible, if the appropriate foundation is laid.

Exhibit 37–correspondence from Beverly Rudolph of Human Resources to Jacqueline Weatherly is objected to only on hearsay grounds.  This exhibit may not be not hearsay.  *See* Fed. R. Evid. 801(d)(2).  The objection is OVERRULED, subject to laying a sufficient foundation.

Exhibit 39–is a disciplinary log with nothing written on the log, but bearing a notation at the bottom of the page "Bartley Pers. File 173."  The Defendant objects to relevance, hearsay, and Rule 403.   Because nothing is written on the log, there is no written assertion to fall within the hearsay rule.  *See Mack v. ST Mobile Aerospace Engineering, Inc.*, 195 Fed. Appx. 829, 842 (11th Cir. 2006) (stating that testimony that witness was not told something was not hearsay).  Therefore, the hearsay objection is not well-taken.  If the Defendants dispute that the log comes from Bartley's personnel file, they can raise that objection at trial.  If the document is from her file, it is relevant, and is admissible under Rule 403.

Exhibits 41, 42, 117–Exhibits 41 and 42 are memos from Carmen Douglas to William Harris regarding Lavonette Bartley's appeal.  Exhibit 117 contains the same two memos, and an unattributed publication with a handwritten date about emotional intelligence.  The Defendant has objected on relevance and hearsay grounds, have contended that the document contains hearsay, is incomplete, and violates Rule 403.  The Plaintiffs respond that the document tends to

show that ASU condoned illegal behavior because the Human Resource Director was suggesting ways not to follow the committee's recommendation.

The document appears to not be hearsay under Fed. R. Evid. 801(d)(2), and the statements within the document are by and large also not hearsay under 801(d)(2).   There are, however, handwritten notes on the document which it is not clear were made by a party opponent.  The notes might also be confusing to a jury.  Therefore, if the Plaintiffs seek to admit this exhibit at trial, they must provide a copy without the notes, or establish that the notes are statements by a party opponent.

Document 117 is duplicative of 41 and 42 and also contains a hearsay document, not shown to be relevant, or admissible over the hearsay objection.  The objection to Document 117 is due to be SUSTAINED.

Exhibit 44, 153–ASU's payroll certification for non-teaching personnel in 2008–objected to by the Defendant as hearsay, irrelevant, and due to be excluded under Rule 403.  The Plaintiffs state that these are Weatherly's time sheets, and that this evidence will be used to show that time sheets were turned in but not timely paid.   While it appears that these records, labeled Exhibit 44, and seemingly also contained in 153 are relevant and not hearsay, there are handwritten notes on the records which the Plaintiffs must establish are statements by a party opponent, or otherwise not hearsay.  In addition, Exhibit 153 is a composite exhibit with many documents within it.  Therefore, the court will rule on any objection to these exhibits which may be made at trial, should Plaintiffs offer them.

Exhibit 45–an article from *The Montgomery Advertiser*.  The Defendant objects on grounds of hearsay, hearsay within hearsay, inadmissible opinion, improper other acts, lack of

authentication, and that the exhibit contains not just the article, but also on line comments and printouts of searches.  The Plaintiffs respond that this article shows that Knight did nothing about actions of Bartley that violate policy, because she was part-owner of a company that did contract work with ASU while employed with ASU.   This is a newspaper article, offered for the truth of the matters asserted, but also includes online statements by members of the public which, among other things, level accusations at ASU.  The exhibit is hearsay, it contains hearsay, and it would be unduly prejudicial under Rule 403 balancing. The objection to Exhibit 45 is due to be SUSTAINED.

Exhibit 47–itinerary produced by Lavonette Bartley–is objected to as irrelevant, hearsay, and violative of Rule 403.   The Plaintiffs state that this document shows the request that was made of Weatherly that started this matter and led to her having to file an EEO complaint against Bartley.   Again, there are handwritten notes on this document, and the relevance is not clear.  If the Plaintiffs seek to introduce this exhibit at trial, the court will rule on any objections raised to its admissibility at that time.

Exhibit 48–correspondence from Lavonette Bartley to William Harris–objected to as hearsay, containing hearsay, violating Rule 404(b) and Rule 403, and containing inadmissible lay opinion.  The Plaintiffs point out that this exhibit is included in the Defendant's exhibit list. See Doc. ##97, 124.   The exhibit has not been objected to by the Plaintiffs.  The court will rule on any objection that might be made at trial, if offered.

Exhibit 50–correspondence between Burkhalter and Knight requesting a transfer.  This exhibit is also on Defendant's Exhibit list (Doc. #123), and is otherwise admissible over the

hearsay objections and improper opinion objections by the Defendants.  Objection is OVERRULED.

Exhibit 54–Lydia Burkhalter's employee report of hours worked is objected to on hearsay grounds.  The court will rule on any objection by the Defendant made at trial if the Plaintiffs attempt to offer this exhibit with the appropriate foundation.

Exhibit 56–correspondence from Burkhalter to Knight, Harris, and Douglas regarding her employment status.  The Plaintiffs state that this is nonhearsay, but it appears to be offered for the truth of the matter asserted.  They also state that it meets an exception to the hearsay rule, but point only to recorded recollection.  If the Plaintiffs seek to rely on the exception for a recorded recollection, "the memorandum . . . may be read into evidence but may not itself be received as an exhibit unless offered by an adverse party."  Fed. R. Evid. 803 (6).  The court reserves ruling.

Exhibit 57–correspondence from Carmen Douglas to Lydia Burkhalter–this appears to be definitionally nonhearsay, as are the statements within it, if the Plaintiffs can demonstrate that it fits within Fed. R. Evid. 801(d)(2) at trial.  The court reserves ruling.

Exhibit 58–ASU job description is objected to on relevance grounds, but Plaintiffs respond that it demonstrates that the job functions for which Williams was terminated for failing to perform were not in the job description.  Again, this appears to be definitionally nonhearsay, as are the statements within it, if the Plaintiffs can demonstrate that it fits within Fed. R. Evid. 801(d)(2) at trial.  The court reserves ruling.

Exhibit 63–memorandum to Beverly Rudolph from President Harris appears to be definitionally nonhearsay, as are the statements within it, if the Plaintiffs can demonstrate that it fits within Fed. R. Evid. 801(d)(2) at trial.  The court reserves ruling.

Exhibits 64, 65, 66–correspondence between attorneys Osaygefo Grubbs and Kenneth Thomas and from Knight to Weatherly about Weatherly's termination.  ASU contends that these documents relate to the Board of Adjustments determination, which is covered by its motion in limine.  The Plaintiffs disagree.  The court granted summary judgment on Weatherly's termination claim.   (Doc. #89).  These exhibits appear to be relevant only to that claim.  If there is some other basis for relevance, and the Plaintiffs seek to admit the documents on that basis at trial, the court will rule on any objections by the Defendants at that time, but the offer must be made outside the presence of the jury.

Exhibit 68–statement from Burkhalter–duplicative of exhibit 10.  The Plaintiffs state that the exhibit is not entirely the same as Exhibit 10 because it was produced at a different time.  The ruling on Exhibit 10 governs this exhibit as well, however.

Exhibit 69–EEOC charge by Burkhalter is objected to only as inadmissible lay opinion.  The Plaintiffs state that it is relevant to show that administrative prerequisites were met.  If that issue is raised at trial, the court will rule on any objection made to admissibility of this exhibit at that time.

Exhibit 72–memo from Burkhalter–the memo recounts a request by Bartley for some letters which Burkhalter says Bartley never gave to Burkhalter.  The Plaintiffs state that this is non-hearsay, but it is offered for the truth of the matter asserted and the document is from a Plaintiff, not an opposing party.  They also state that it is business record, but it does not appear to meet that exception.  If the Plaintiffs seek to rely on the exception for a recorded recollection, subject to the Defendant's objection at trial "the memorandum . . . may be read into evidence but may not itself be received as an exhibit unless offered by an adverse party."  Fed. R. Evid. 803

(6).  The court will rule on objections the Defendants may have to this exhibit at trial if the Plaintiffs should attempt to enter the document itself into evidence.

Exhibit 74–memo from Burkhalter memorializing an encounter with Bartley in which she criticized her wearing blue jeans to work.  This memo was never sent to anyone, and does not constitute a record of a regularly-conducted activity.  If the Plaintiffs seek to rely on the exception for a recorded recollection, subject to the Defendant's objection at trial, "the memorandum . . . may be read into evidence but may not itself be received as an exhibit unless offered by an adverse party."  Fed. R. Evid. 803 (6).

Exhibits 77 through 82, and 84 are objected to only on hearsay and hearsay within hearsay grounds.  The exhibits include memoranda to Bartley from Knight, and other communications from ASU representatives.  These exhibits appear to be definitionally nonhearsay, as are the statements within them, if the Plaintiffs can demonstrate that they fits within Fed. R. Evid. 801(d)(2) at trial.  The court reserves ruling.

Exhibit 83 is an email from Fluker to Weatherly, but in addition to the hearsay objection, the Defendant argues that the exhibit is improper lay opinion, and inadmissible under Rule 404(b) and 403.   The court agrees that the majority of the text, which is from Weatherly to Fluker, is not a statement by the opposing party.  Furthermore, Weatherly's correspondence refers to Satan, and also to other employees, and to the extent that it has probative value, is substantially outweighed by the danger of unfair prejudice and confusion of the issues.  The objection to Exhibit 83 is due to be SUSTAINED.

Exhibit 86–is a transcript from an EEO hearing which begins "Continued Examination of Unidentified Witness by Unidentified Speaker."  The Defendant states that this exhibit is

hearsay, that it does not meet the requirements of prior testimony, that it is incomplete, and it lacks foundation.  The Plaintiffs point out that the Defendant has designated part of the same transcript in its Exhibit list.  Plaintiffs have objected to the same.  *See* Doc. #103.

The court cannot conclude that this unsworn, and in some respects, unattributed, testimony is admissible as a document in the Plaintiffs' case-in-chief.   The objection is due to be SUSTAINED.

Exhibit 87, 146–these exhibits are two copies of the report of the findings and recommendations of the internal EEO committee–Exhibit 87 is the report and is objected to only on hearsay grounds, while Exhibit 146 is the report plus two additional cover memos.

The Report and Findings has also been listed as an exhibit by the Defendant (Doc. #97, 122).  The Plaintiff has not objected to that exhibit by the Defendant, so the report will be admitted without need for any further foundation.  The issue, therefore, is whether the cover letter from Rudolph and the memo from the EEO committee are also admissible.  If the Plaintiff seeks to admit those additional documents, contained within Exhibit 146 but not Exhibit 87 or Defendant's Exhibit 16, the Plaintiff may seek to establish a basis for admissibility and relevance, subject to objection by the Defendant, at trial.

Exhibit 88, 89, 90–statements from Yurlesia Monford, Tina Golson, and Jenise Hosey–two of these are affidavits and one is a letter about treatment by Bartley of these individuals.  The documents themselves are hearsay and the objections are SUSTAINED. Testimony from these witnesses will be dealt with by the court's ruling on the Motion in Limine on Rule 404(b) "other acts" evidence.

Exhibit 91–memorandum from Jackie Weatherly–the court finds the objection to hearsay is due to be SUSTAINED.

Exhibit 92–memorandum from Evelyn Walker to LaVonette Bartley–this memo concerns Evelyn Walker's own employment situation and is hearsay, not subject to the regularly conducted activity exception or opposing party exclusion.  Objection to the document is SUSTAINED. Testimony will be governed by the court's ruling on the Defendant's motion in limine.

Exhibit 93, 94, 95, 96, 97–correspondence from Dana Vandiver declining to participate in the EEO hearing and statements by employees other than the plaintiffs.  These documents are hearsay and the objections are SUSTAINED.  Testimony will be governed by the court's ruling on the Defendant's Motion in Limine.

Exhibit 98, 99, 100–declarations of the Plaintiffs.  The Defendants object to hearsay and hearsay within hearsay grounds.  The Plaintiffs respond that statements within the declaration are not hearsay, because they are statements by a party opponent offered against that party.   It may very well be that the Plaintiffs will be able to testify to statements made to them by ASU representatives, but the declarations themselves are hearsay, not subject to an exception, and will not be admitted as documents in the Plaintiffs' case-in-chief.  While the Plaintiffs contend that the declarations are proper under the rule for declarations, hearsay is not admissible at trial, although it may be considered in ruling on a motion for summary judgment if reducible to admissible form.  Hearsay is a statement the declarant does not make at trial, offered to prove the truth of the matter asserted in the statement.  *See* Fed. R. Evid. 801.  The objections to Exhibits 98, and 99 are due to be SUSTAINED.

The Plaintiffs offer an additional ground for admissibility of Exhibit 100.  They state that it is definitionally not hearsay under Rule 801(d)(1)(B).   As previously noted, Rule 801(d)(1)(B) states that if a declarant testifies and is subject to cross-examination about a prior statement, and the statement is consistent with the declarant's testimony and is offered to rebut an express or implied charge that the declarant recently fabricated it or acted from a recent improper influence or motive, it is not hearsay.

The Plaintiffs, therefore, appear to intend to introduce Exhibit 100,Williams' Declaration, if the Defendant opens the door to such evidence by implying that she fabricated testimony or acted from an improper influence or motive.  *See, e.g., U.S. v. Reed,* 887 F.2d 1398, 1406 (C.A.11 (Ala.),1989) (finding that of a consistent statement was admissible where defense counsel stated that the defense would prove that Bobby Gene Chesser is a 'con man' who 'concocted it all and made up these lies ... on Tom Reed.' The record in this case clearly reflects that defense counsel implied on cross-examination that Bobby Gene Chesser fabricated his testimony regarding his agreement with Reed.").   Such statements are "admissible non-hearsay only if they are offered to rebut a specific allegation of recent fabrication, not to rehabilitate credibility that has been generally called into question."  *United States v. Drury*, 396 F.3d 1303, 1316 (11th Cir. 2005).

Williams' Declaration was executed in September of 2011.  It may be, therefore, that she cannot establish that the Declaration is admissible, even if there is a charge of recent fabrication.  *See  Tome v. United States*, 513 U.S. 150, 158 (1995) ("the [prior] consistent statements must have been made before the alleged influence or motive to fabricate arose.").  The Plaintiffs may seek to establish admissibility pursuant to this rule, subject to the Defendant's objection, at trial.

Exhibit 102–ASU job description of Williams' job–this seems to be governed by the court's ruling on Exhibit 58, above.

Exhibit 104, 105, 116–ASU job description for Executive Vice President/COO and Special Assistant to the President is objected to on relevance and Rule 403 grounds.   These are apparently Knight's and Bartley's job descriptions.  While the relevance of this may not be great, neither is the danger of unfair prejudice or confusion of the issues.  The objections to Exhibit 104, 105, and 116 are due to be OVERRULED, subject to appropriate foundation being laid.

Exhibit 108–ASU memo from Rudolph to Harris, objected to only on hearsay and hearsay within hearsay grounds.  The document itself appears to be admissible under Rule 801(d)(2), but there are handwritten notations on it which cannot be identified as statements by an opposing party.  Therefore, the Plaintiffs will have to present sufficient foundation, subject to objection by the Defendant, before admission of this exhibit at trial.

Exhibit 111–job class schedules are objected to as irrelevant and under Rule 403.  The Plaintiffs state that this exhibit is necessary for the assessment of damages.  The court cannot conclude, therefore, that it irrelevant, nor can the court conclude that it is due to be excluded under Rule 403. Objection is OVERRULED.

Exhibit 121–Weatherly's EEOC charge documents–

As earlier noted, the Eleventh Circuit has held that the admission of EEOC reports and determinations is left to the discretion of the trial court. *Barfield v. Orange County*, 911 F.2d 644, 651 (11th Cir. 1990).  In exercising its discretion, a court is to consider whether the report contains legal conclusions in addition to its factual content, whether the report raises questions of trustworthiness under Rule 803(8)(c), and whether it presents problems cognizable under Rule

403. *Id.* The Eleventh Circuit has explained that the admission of an EEOC report may be likely to present to danger of creating unfair prejudice in the minds of a jury. *See Walker v. NationsBank of Florida, N.A.*, 53 F.3d 1548 (11th Cir. 1995). The court has reviewed the EEOC documents and concludes that the probative value, if any, is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury.

The Plaintiffs argue, however, that the EEOC file is admissible as a prior consistent statement offered to rebut a charge of recent fabrication or improper motive. *See* Fed. R. Evid. 801(d)(1)(B). The Plaintiffs may seek to establish that a particular part of the EEOC file meets the requirements of the rule at trial, subject to the Defendant's objection. As to the portions that are not statements by the Plaintiff herself, however, the objection is due to be SUSTAINED.

Exhibits 123, 252–two copies of the same memo from Weatherly to Marcus Bell verifying that he is her supervisor and that she will not have work assignments from Bartley. The memo is not admissible as a statement offered against an opposing party because it is written by a plaintiff. The Plaintiffs contend that it is admissible and not hearsay because it meets the requirements of Rule 801(d)(1)(B). Therefore, the Plaintiffs may seek to establish that this evidence meets the requirements of the rule at trial, subject to the Defendant's objection.

Exhibit 125–email between Weatherly and Jeffery Young about whether her transfer would be made permanent. The Defendant objects only on hearsay, and hearsay within hearsay grounds. The statement by Jeffery Young in his email toWeatherly, in response to Weatherly's question of whether her transfer can be made official, is a statement against an opposing party, and appears to be definitionally nonhearsay, as are the statements within it, if the Plaintiffs can demonstrate that it fits within Fed. R. Evid. 801(d)(2) at trial.

Exhibit 126, 127, 128–memos from Weatherly to Kippy Tate, and from Crumbie to Tate about Weatherly's temporary transfer to public safety.   The Defendant objects on hearsay, hearsay within hearsay grounds, and inadmissible lay testimony.   The Plaintiff states that this is a 801(d)(1)(B) prior statement.  The Plaintiffs may seek to establish that Exhibits 126 and 127 meets the requirements of the rule at trial, subject to the Defendant's objection.  Exhibit 128 from Crumbie to Tate appears to be a document by an ASU representative that would meet the requirements of Rule 801(d)(2).

Exhibit 129–is a memo from Henry Davis, Director of Public Safety, to ASU Police Officer announcing in January 2009 that Weatherly is the administrative secretary, and outlining the chain of command and other policies.  The Defendants object on hearsay grounds and relevance grounds.  The relevance appears to be only that Weatherly was named the administrative secretary, but the document does not appear to be unduly prejudicial under Rule 403, and appears to be definitionally non-hearsay.   The objection to Exhibit 129 is due to be OVERRULED.

Exhibits 130 and 227–are two copies of the same memo from Henry Davis to Beverly Rudolph in February 2009 outlining the need for an administrative secretary.  The Defendants object on hearsay grounds, but the document appears to be definitionally non-hearsay.  *See* Rule 801(d)(2).  The objection to 130 is OVERRULED.  Because 227 is duplicative, the objection is due to be SUSTAINED as to 227.

Exhibit 131–correspondence from Rudolph to Weatherly– this appears to be definitionally nonhearsay, as are the statements within it, if the Plaintiffs can demonstrate that it fits within Fed. R. Evid. 801(d)(2) at trial.

Exhibit 133–contains a a memo from Bartley to Weatherly and a memo from Weatherly to Bartley, and the exhibit is objected to on hearsay grounds, as not being based on personal knowledge, and as containing improper lay opinion.  The Plaintiffs only respond to the objection as it is directed to the memo from Bartley.  That portion of the exhibit is definitionally non-hearsay, and appears to be otherwise admissible.  Objection to that is OVERRULED.  If the Plaintiffs also wish to have Weatherly's memo to Bartley admitted at trial, that attempt will be subject to objection by the Defendant.

Exhibit 134–memo from Weatherly to Kennedy-Lamar–objected to on hearsay grounds, as containing improper lay opinion, and lack of personal knowledge.  The Plaintiffs assert both that this is a record of a regularly conducted activity and is offered to prove a consistent statement in response to a charge of recent fabrication or improper motive.   The Plaintiffs will have to establish one of those avenues of admissibility, subject to objection by the Defendant, at trial.  The court reserves ruling.

Exhibit 135–memos from Weatherly to Rudolph and Knight.  In response to the Defendant's objections, the Plaintiffs state that the Exhibit is admissible under Rule 801(d)(1)(B) and 801(d)(2), and is admissible for impeachment under Rule 404(a)(3) and 607.   These documents do not qualify as 801(d)(2) statements, as they are made by Weatherly, a plaintiff.  They may, however, if the door is opened to such evidence, be admissible as 801(d)(1)(B) statements offered to rebut an express or implied charge of recent fabrication or improper motive.

Exhibit 136–correspondence from Rudolph to Weatherly–this appears to be definitionally nonhearsay, as are the statements within it, if the Plaintiffs can demonstrate that it fits within Fed. R. Evid. 801(d)(2) at trial.

Exhibit 138, 245–emails between Weatherly and Davis, the Director of Public Safety–the Defendant objects on hearsay, relevance, 404(b), and 403 grounds.   The Plaintiffs contend that the emails are admissible because they are generated by and attributed to the Defendant.  That appears to be true with respect to Davis's email to Weatherly.   The Plaintiffs will have to establish a different basis of admissibility for Weatherly's email to Davis.

The relevance of these emails is that Weatherly is expressing concern that Bartley may pose a physical threat to her.   Because harassment claims contain a subjective component, the probative value of the evidence is not outweighed by a danger of undue prejudice or confusion of the issues.   Because there are two memos included in the same Exhibit, however, the court will have to rule on the admissibility of each at trial, if they are offered, and an objection is raised.

Exhibit 142–is an article from *The Montgomery Advertiser* about this lawsuit.  The Defendant objects on hearsay grounds and Rule 403.  The Plaintiffs state that this evidence tends to "show that with notice and having the same printed the action of a person's involves and the tendency to cover-up," which is unclear, but which the court reads to mean that the article is offered for that fact that the lawsuit was publicized.  While that may be a relevant purpose, it does not overcome the hearsay objection, and the slight probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury under Rule 403.  The objection to Exhibit 142 is due to be SUSTAINED.

Exhibit 147–letter from Beverly Rudolph to Weatherly regarding medical leave and benefits.  This document is objected to as hearsay, but it and the statements within it appear to be excluded from the hearsay rule as a statement offered against an opposing party.  Fed. R. Evid. 801(d)(2).  OVERRULED, if appropriate foundation is laid.

Exhibit 149–memo from Weatherly to Bell-Hayes.  The Defendants object on hearsay grounds, as it being improper opinion and in violation of Rule 404(b) and 403.   The Plaintiffs seek admissibility over the hearsay objection under Fed. R. Evid. 801(d)(1)(B), therefore, they will have to establish a foundation for admissibility at trial, subject to the Defendant's objection.  The evidence is also subject to the court's ruling on the Motion in Limine as to Rule 404(b) improper "other acts" evidence.

Exhibit 152–the Defendant objects to this one line memo from William Brock to Jacqueline Weatherly, which states that Weatherly's supervisor is Julie DeBardelaben, on relevance, hearsay, and Rule 403 grounds.  While the document appears to fit the opposing party statement exclusion from the hearsay rule, the Plaintiffs do not explain the relevance of this document, so the court cannot conduct Rule 403 balancing, but will do so at trial, if the Plaintiffs seek to introduce this exhibit, subject to any objection the Defendant may make at that time.

Exhibits 154 and 225–are two copies of the same letter from President Harris to Weatherly notifying her of selection to the Non-Academic Staff Council in 2009.  The Defendant objects on relevance and hearsay grounds, and states that the exhibit is improper positive character evidence, not in compliance with Rule 404, 405, or 403.   The document appears to be excluded from the hearsay rule. Fed. R. Evid. 801(d)(2).  The Plaintiffs state that it will be used to rebut an attack on Weatherly's character for truthfulness under Fed. R. Evid. 404(a)(3) and

608. Rule 608, however, provides that specific instances of conduct for the purpose of supporting the witness's character for truthfulness may not be proved by extrinsic evidence. No other purpose having been given for the admissibility of this document, the objection to use of these exhibits under Rule 608 is due to be SUSTAINED.

Exhibit 159, 161–doctor's excuse from Prim Med and other physicians for Jacqueline Weatherly. The Defendant has objected to the exhibit on hearsay grounds. The Plaintiffs will have to establish a basis for admissibility at trial, subject to objection by the Defendant.

Exhibit 163–Provato Consulting, LLC documents. The Plaintiffs respond to the hearsay objection by invoking Fed. R. Evid. 801(d)(2) and 803(6). Neither of these rules appears to apply to this document, produced by a source other than ASU. The objection to Exhibit 163 is due to be SUSTAINED.

Exhibit 168–this is an email forwarded to Weatherly which expresses concerns about ASU. The Plaintiffs contend that it is non-hearsay under Fed. R. Evid. 801(d)(1)(B), but the email is from an Ann Fairley, who states that she got it from "JayC" who states that he is an employee of the university. This email does not fit 801(d)(1)(B). And, even if the email were admissible under a hearsay exception, any probative value of the opinion of an unidentified person is substantially outweighed under Rule 403 by the danger of unfair prejudice and confusion of the issues. The objection to Exhibit 168 is due to be SUSTAINED.

Exhibits 177, 214, 215–214 is Renwick Jones's EEO intake form, and 177 and 215 appear to be two copies of the same letter from Carmen Douglas to Renwick Jones, Director of Alumni Relations, telling him that his complaint against Bartley was reviewed and does not fall within the protections of Title VII. The Defendant objects to this evidence under Rule 404(b)

and Rule 403. This exhibit will be governed by the court's ruling on the Motion in Limine as to other acts evidence.

Exhibits 179 and 223 include the position description for the Administrative Coordinator of the Department of Public Safety. Exhibit 223 contains an additional document from Jeffery Young with handwritten notations on it. The evidence is objected to as irrelevant and excludable under Rule 403. This position description appears to related to the position temporarily held and sought by a plaintiff, and the probative value does not appear to be substantially outweighed under Rule 403. Objections are OVERRULED as to the position descriptions. Other portions of Exhibit 223 may be due to be excluded.

Exhibit 186–affidavit of Plaintiff Williams given in a case of *Herbert Young v. Denise Davis*. Even if this affidavit were otherwise admissible, and even assuming that it has some probative value, its probative value is so slight that it is substantially outweighed by confusion of the issues and misleading the jury under Rule 403. Objection is SUSTAINED.

Exhibit 187--although objected to by the Defendant, the Plaintiffs do not appear to have attached this exhibit to their responses to the objections. (The exhibit identified as 187 is actually Exhibit 186). In the text of their response, the Plaintiffs refer to this exhibit as a letter and then provide general arguments with respect to its admissibility. Without any showing as to why this document is admissible, and based on the failure to comply with the court's order to attach the document, the objection to Exhibit 187 is due to be SUSTAINED.

Exhibit 188–document of the Board of Pardons and Paroles restoring voting rights to Jacqueline Riddick. The Defendant objects to hearsay, improper evidence of positive character or to boost credibility, and lack of authentication and foundation. Subject to the court's ruling

on the Plaintiff's Motion in Limine as to Weatherly's conviction, it appears that this exhibit is irrelevant.  Should it become relevant and the Plaintiffs seek to admit it, the court will rule on any objection to the evidence made at trial.  The court reserves ruling.

Exhibit 189–employee grievance in *Abram v. Cromartie* –this exhibit is an unsigned, undated complaint of improper conduct by a man named Herman Cromartie.   The court cannot conclude that this exhibit is admissible over Defendant's hearsay objection.  The objection to Exhibit 189 is due to be SUSTAINED.

Exhibit 190–this exhibit is a Memo from Sgt. Kerry Crumbie to McCladdie regarding changes in personnel.  It is objected to only on hearsay and hearsay withing hearsay grounds.  As statement by an opposing party in a representative capacity, this exhibit appears to fit within an exclusion from the hearsay rule, upon the laying of a proper foundation.

Exhibits 191, 196, 197, 198– Exhibits 191 and 196 are the same memo from John Knight that asks various ASU employees to have an introductory meeting with Vice President for Marketing and Communications, Danielle Kennedy-Lamar.  Exhibit 197 is objected to only on hearsay grounds, and is a memo from Danielle Kennedy-Lamar, admonishing and warning Weatherly about failing to attend the meeting.   Exhibit 198 is Weatherly's response to the memorandum in Exhibit 197.

There are retaliation claims which were not addressed at the summary judgment stage of this case because the Defendant did not move for summary judgment as to those claims.  These documents may be relevant to those claims, but there is no explanation to that effect in the Plaintiffs' opposition to the objections; just a general statement as to relevance.  Therefore, the court cannot rule on admissibility at this time.

Exhibit 199–Weatherly's contract bearing a handwritten disclaimer. The Plaintiffs seek to admit this exhibit over a hearsay objection under Rule 801(d)(1)(B). Therefore, the Plaintiffs will have to seek admission of this exhibit after laying the appropriate foundation, subject to objection by the Defendant.

Exhibit 205–this exhibit is a letter from Rudolph to Weatherly telling her that she has been temporarily assigned to Public Safety. It is objected to only on hearsay grounds. The Plaintiffs seek admission under Fed. R. Evid. 801(d)(2), as a statement by an agent of the party in the scope of her relationship offered against the party. This letter appears to fall within that exception to the hearsay rule. Objection is OVERRULED.

Exhibit 208 and Exhibit 209–FMLA designation notice for Weatherly and U.S. Dept of Labor Certification of Health Care Provider are objected to on hearsay and lack of personal knowledge grounds. The Plaintiffs state that the forms are admissible as a public record under Rule 803(8). *See Hotel Employees-Hotel Ass'n Pension Fund v. Timperio,* 622 F.Supp. 606, 608 (S.D.Fla.,1985) (stating "[r]ecords generated and compiled in the regular course of federal agency law enforcement investigations have repeatedly been held to be admissible and entitled to weight under these hearsay exceptions in private litigation."). The Plaintiffs will have to lay an appropriate foundation for admission because, although the form is generated by an agency, it appears to have been filled out by a treating physician.

Exhibit 216–this exhibit concerns the employment of someone other than the Plaintiffs and will be governed by the court's ruling on the motion in limine on the same subject.

Exhibit 224–memo from Weatherly to Beverly Rudolph officially requesting medical leave from January 17, 2008 to February 29, 2008 and also including a 2009 email from Beverly

Rudolph congratulating Weatherly, and others, on being named to the Non-academic staff council.  The Plaintiffs only address the email from Rudolph.  No basis for admissibility as to the memo from Weatherly to Rudolph having been asserted, the objection to page 1 of Exhibit 224 is due to be SUSTAINED on that basis.  The congratulatory memo, like Exhibit 154 and 225, previously discussed, is an attempt to improperly use extrinsic evidence of good character, and so that objection is due to be SUSTAINED as to page 2 as well.

Exhibit 226–memo from Weatherly to committee members. The Plaintiffs seek admission of this exhibit under Rule 801(d)(1)(B), and so must lay the appropriate foundation.

Exhibit 229–memo from Janel Bell to John Knight from April 2006 seeking reclassification of her own position and stating that reclassification is needed for other employees, including Plaintiff Weatherly.  The Defendant objects only on relevance grounds, and under Rule 403. The exhibit appears only marginally relevant, but also does not appear to be unduly prejudicial, or to pose a substantial risk of outweighing the probative value by misleading the jury or confusing the issues. If the Plaintiffs choose to offer this exhibit, they must lay a foundation of relevance for admissibility, subject to th Defendant's objection.

Exhibit 231–email from Weatherly to Rudolph about leave.  The Plaintiffs seek admission under Rule 801(d)(1)(B), and so will have to lay an appropriate foundation.

Exhibit 234–email from Geraldine Lampkin to Weatherly re a letter she wrote that the work order to replace carpet was being denied due to budget restraints.  The Plaintiffs contend that this evidence is admissible as a statement offered against a party opponent, and for impeachment.  The court will take up admissibility at trial so that it can evaluate the relevance based on the state of the evidence.

Exhibit 236–a brief filed on Weatherly's behalf before the Board of Adjustment.   The Defendant has filed a motion in limine regarding this evidence, which will cover this exhibit.

Exhibit 237–is a Memorandum written on the Defendant's counsel's stationary which relates to Weatherly's recommendation to review an agreement for security service between ASU and JAT Security.  The Plaintiffs offer no basis for admissibility other than Rule 801(d)(2), and do not explain the relevance of this document.  Should the Plaintiffs seek to introduce this document at trial, they must establish relevance, and lay a foundation for admissibility.

Exhibit 242–memo from Weatherly to LaVonette Bartley in November 2006 discussing the use of three flatbed trucks for the Turkey Day Classic Parade.  The Defendant says this evidence is not relevant, is hearsay, and violates Rules 404 and 403.  The Plaintiffs seek admissibility under Rule 801(d)(1)(B), but do not explain how this evidence is relevant, or would be admissible under Rule 403 balancing.  If the Plaintiffs seek to introduce this exhibit at trial, the court will entertain then any objection the Defendant wishes to interpose as to its admission into evidence.

Exhibit 243–unattributed, undated instructions on how to clip articles from the press and maintain scrapbooks.  The Defendant argues this is irrelevant, hearsay, and due to be excluded under Rule 403.   The Plaintiffs state that this is a record generated by the Defendant, but provide no other basis for admissibility.  The objection to Exhibit 243 is due to be SUSTAINED.

Exhibit 249–memo from Weatherly to Rudolph dated January 7, 2008.  Weatherly responds to an evaluation in which she received a "needs improvement" rating.  The Defendants object to relevance, hearsay, authentication, lack of personal knowledge, improper lay opinion, and Rule 403.   The Plaintiffs state that they are prepared to lay the appropriate foundation under

Rule 901, that the matters within are in Weatherly's personal knowledge, and are acceptable lay opinion. The Plaintiffs also state that this exhibit is admissible as a record of a regularly conducted activity. The Plaintiffs will have to lay a foundation for admissibility at trial, subject to objection by the Defendant.

Exhibit 253–timesheet which the Plaintiffs state shows the withholding of pay and sick leave in retaliation. The Defendants object to relevance and on hearsay grounds. The Plaintiffs seek admission under Fed. R. Evid. 801(d)(2), and so must establish a foundation for admissibility under that rule at trial.

Exhibit 255–memo from Rudolph to then-President Lee recommending three days of administrative leave for Weatherly for the on-the-job injury. The Defendants object that this is irrelevant and hearsay. Weatherly seeks to admit this under Rule 801(d)(2). It does not appear that this evidence is due to be excluded under Rule 403, if the Plaintiff otherwise lays a foundation for its admissibility at trial.

Exhibit 256–Weatherly's certificate of proficiency. The court cannot conclude that this certificate meets Rule 801(d)(1)(B), as stated by the Plaintiffs, nor that it is relevant, and agrees with the Defendant that any slight probative value of this evidence is substantially outweighed under Rule 403. The objection to Exhibit 256 is due to be SUSTAINED.

Exhibit 257–memo from Weatherly to Rudolph about her job description change. The Plaintiffs seek to admit this over the Defendant's hearsay objection under Rule 801(d)(1)(B), and so will have to lay an appropriate foundation for its admissibility.

Exhibit 259–note from Glenda Horton, Personnel Records Specialist, about the amount of leave used by Weatherly. The Defendants contend that this evidence relates to a Board of

Adjustment claim which they contend is barred by res judicata. The court will address that argument in connection with the Defendant's motion in limine on the same subject.

Exhibit 261–memo from Weatherly to Bell-Haynes about ongoing projects. The Defendant contends this exhibit is irrelevant and hearsay and contains hearsay, and is due to be excluded under Rule 403. The Plaintiffs seek admissibility under Rule 801(d)(1)(B), so will have to show that a proper foundation exists for admissibility pursuant to that rule. The document does not appear to necessitate exclusion under Rule 403.

Exhibit 262–this is an unattributed list of unknown origin with handwritten notes on it. The Defendant objects to relevance, hearsay, hearsay within hearsay, and Rule 403. The Plaintiffs do not explain what this is, how it is relevant, when it was made or by whom. The objection is due to be SUSTAINED.

Exhibit 264–correspondence from Weatherly to the EEOC investigator. This evidence will be governed by the court's ruling on the Motion in Limine on the same subject matter.

Exhibit 265–ASU Standard Operating Procedures Knight's Office. The Defendant objects on the basis that the Exhibit does not match that which was provided in the initial disclosures. The Plaintiffs respond that the Defendant is well aware of the manual of standard operating procedures, and that the proper exhibit was noted in the list, but the wrong one was scanned and provided to the Defendant in the initial disclosures. The Plaintiffs state that they should be allowed to use the correct exhibit at trial, and can lay a foundation for admissibility. The Defendants also object to designated pages which they contend relate to a Board of Adjustment claim. If that is the only aspect of the procedures the Plaintiffs sought to introduce

from this exhibit, that evidence will be governed by the court's ruling on the pending Motion in Limine.

Exhibit 269–an unsigned letter to Beverly Rudolph stating that Ollie Croom is the Investigator to whom Williams's charge of discrimination has been assigned.   The Plaintiffs contend that this exhibit is admissible under Rule 803(8), a public record.  They do not explain, however, why it is relevant.  The court concludes that it is due to be excluded because any slight probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury under Rule 403.  The objection to Exhibit 269 is due to be SUSTAINED.

Exhibit 271–Williams's exit interview form.  The Plaintiffs state that it tends to show retaliation and pretext and is admissible under Rule 801(d)(1)(B).  If the door is opened to this evidence, and the Plaintiffs can establish a basis for admissibility under Rule 801(d)(1)(B), the court will entertain any other objection to the evidence by Defendant at that time.

Exhibit 272–letter to Williams stating that President Harris has authorized nine days of compensation in lieu of advanced notice of termination.  The Defendant objects only on relevance, hearsay, hearsay within hearsay, and Rule 403 grounds.  It appears that the Plaintiffs can establish that this is non-hearsay and relevant, and its probative value does not appear to be substantially outweighed under Rule 403.  Objection is OVERRULED.

Exhibit 273–Memorandum by Williams in support of her EEOC charge. The Plaintiffs seek admissibility under Rule 801(d)(1)(B) and for impeachment.   The Plaintiffs may seek admission under these rules to the extent that this document is not due to be excluded pursuant to the court's ruling on the Motion in Limine.

Exhibit 274–backpay charts for all three Plaintiffs.  The Defendant objects that this is an improper summary exhibit, it does not comply with Fed. R. Evid. 1006, and it lacks foundation under Fed. R. Evid. 901.   The Plaintiffs state that they can lay the appropriate foundation for this document.   The court will not admit this exhibit as evidence to be submitted to the jury. Evidence of back pay will be admissible, but these charts are not admissible evidence over the Defendant's objection.  The charts might be allowed to be used as demonstrative aids if based on evidence first admitted.

Exhibit 276–Plaintiff Burkhalter's earnings.  The Defendant objects on the basis of hearsay, lack of authentication, and lack of foundation.  The Plaintiffs state that they can lay the appropriate foundation, but it will not be admitted as an exhibit to go to the jury.  It might be allowed to be used as a demonstrative aid.

Exhibit 277–recordings–the Defendant reserves the right to make further objections if audible and comprehensive versions of the recordings are made available.  The tape recordings are said by the Plaintiffs to have been made by Plaintiff Weatherly and the Plaintiffs state that she will be able to lay the appropriate foundation to authenticate the recordings.  The court will, therefore, rule on admissibility at trial.

Exhibit 278–phone records of Lydia Burkhalter.  The Plaintiffs state that they seek to lay the foundation to show that Knight called Burkhalter after her termination.    The court will, therefore, rule on admissibility at trial. They also state that the document is admissible for impeachment of Knight.

Exhibit 279–photos of clothing–the Plaintiffs state that they will not use this exhibit, but will use the actual clothing as indicated in Exhibit 280.  Therefore, the objection is due to be SUSTAINED.

Exhibit 280–clothing given from Bartley to Burkhalter.  The Plaintiffs contend that they will be able to establish a foundation for this clothing.

Exhibit 281–photos of Councill Hall.  The Plaintiffs state that they will be able to lay a foundation for these photographs at trial.  Ruling is reserved.

Exhibit 282–flyer entitled "Doctor John Knight is Screwing ASU."  The court agrees with the Defendant that even if this flyer were admissible in the face of its hearsay and authentication objections, any slight probative value the document may have is substantially outweighed by the danger of undue prejudice, confusion of the issues, and misleading the jury. Therefore, the objection is due to be SUSTAINED.

In conclusion, many of the Defendant's objections to the Plaintiff's exhibits cannot be ruled on at this point in the case because the Plaintiffs have represented that they will lay appropriate foundation for admissibility at trial.  There are, however, objections due to be sustained at this point.  Therefore,

it is hereby ORDERED as follows:

1.  The Defendant's Objections are SUSTAINED as to Plaintiffs' composite Exhibits 9, 11, 14, 15, 30, 33, 40, 101, 106, 109, 110, 118, 150, 151, 184, 192, 193, 194, 195, 199, 233, 235, 239, 254, 263, and Plaintiffs will have to seek to separately admit portions of those exhibits.

2.  The Defendant's Objections are SUSTAINED as to Plaintiff's Exhibits 16, 17, 21, 32, 45, 70, 71, 83, 86, 91, 92, 98, 99, 117, 121 (in part), 142, 154, 163, 167, 168, 181, 182, 183, 184, 185, 186, 187, 189, 224, 225, 227 (as duplicative), 240, 243, 256, 260, 269, 274, 279, and 282.

3.  The Plaintiffs' Motion to Strike (Doc. #114) the Defendant's general objection to all exhibits is GRANTED.

Other exhibits are subject to admissibility rulings in the court's rulings on Motions in Limine, and at trial.

DONE this 31st day of January, 2012.


/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE