IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JACQUELINE WEATHERLY, CYNTHIA WILLIAMS, and LYDIA BURKHALTER, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No.  2:10CV192-WHA |
| ALABAMA STATE UNIVERSITY, | ) ) ) | (wo) |
| Defendant. | ) ) | |

ORDER

This cause is before the court on the Plaintiffs' Objections to the Defendant's Exhibits (Doc. #103) and the Plaintiffs' Motion in Limine (Doc. #107).

The Plaintiffs have moved in limine to exclude the following categories of evidence: evidence related to EEOC charges; evidence regarding orders and judgments entered by this court; circumstantial evidence of character or trait of character; evidence of any prior conviction against Plaintiff; evidence of other lawsuits involving plaintiffs and/or potential witnesses; evidence of irrelevant personal matters, including family; evidence regarding disability and ending of employment with Time Warner/Cable News Network; political affiliation, privilege, and association; evidence of other transcripts and testimony; and affirmative defenses.  The court will address each in turn, and then will turn to objections to exhibits not addressed within the context of the Motion in Limine.

**Evidence related to EEOC charges**– the Plaintiffs move to exclude references to no-cause language in the right to sue notices, and related correspondence.   The Plaintiffs have also

objected to Defendant's Exhibit 20–Charge of Discrimination dated June 29, 2009 by Jacqueline Weatherly, in the Plaintiffs' separately filed objections to exhibits.

In response to the Motion in Limine, the Defendant argues that Weatherly's EEOC charge is relevant because information in the charge would be offered for purposes other than the truth of the matter asserted, as an admission, a statement of a then-existing mental condition, a statement against interest or another basis.

The Eleventh Circuit has held that the admission of EEOC reports and determinations is left to the discretion of the trial court. *Barfield v. Orange County*, 911 F.2d 644, 651 (11th Cir. 1990).  The Eleventh Circuit has also explained that the admission of an EEOC report may be likely to present the danger of creating unfair prejudice in the minds of a jury. *See Walker v. NationsBank of Florida, N.A.*, 53 F.3d 1548 (11th Cir. 1995).

In this case, the Defendant has not asked to admit determinations or findings by the EEOC.  In fact, in response to the Motion in Limine, the Defendant states that Exhibit 20 is the only federal EEOC evidence it seeks to admit.  Therefore, as indicated in the court's Order on the Defendant's Objections to the Plaintiffs' Exhibits, the Motion in Limine is due to be GRANTED as to any EEOC determinations of the Plaintiffs' charges in this case.

Exhibit 20 is an EEOC charge of discrimination filed by Plaintiff Weatherly.  On it, she has checked both retaliation and continuing action, and in the text she has described various actions taken against her.  Her statement may well be admissible in the cross-examination of Plaintiff Weatherly for the purposes identified by the Defendant in opposition to the objection to that exhibit.

In response to the Motion in Limine, however, the Defendant has stated that the document is admissible because there is a question of fact as to whether Weatherly has met her administrative prerequisites before filing suit. Whether a plaintiff has exhausted required administrative remedies is a question of law. *See Bankston v. White*, 345 F.3d 768, 770 (9th Cir. 2003). Therefore, while the Defendant may raise this issue at the close of the Plaintiffs' evidence, the jury will not be charged as to administrative prerequisites, and the document will not be admitted for the jury's consideration for that purpose.

**Evidence regarding decisions, orders, and/or judgments by this court** –the Plaintiffs seek to exclude testimony or documentation related to the dismissal or summary judgment of any of their claims. The Plaintiffs specifically seek to exclude evidence and testimony regarding Weatherly's termination claims because summary judgment was granted as to her termination claims. The Plaintiffs state that the Defendants intend to offer documentation regarding overpayments to Weatherly, ASU's suit against her, and letters regarding repayment.

The Defendant states that it is not aware of any reason that it would seek to offer evidence regarding any order or finding of the court. However, the Defendant has offered an exhibit which attaches this court's Memorandum Opinion and Order on the Defendant's Motion for Summary Judgment. The Plaintiffs object to Defendant's Exhibits 52, 52(a), and 52(b) on the basis that these documents were not produced to the Plaintiffs, the information within them is not relevant, the documents are due to be excluded under Rule 403, the documents are hearsay, and lack foundation. Specifically with respect to document 52, the Plaintiffs also object on the grounds of completeness.

Exhibit 52 consists of an envelope addressed to Marvin Wiggins, a copy of this court's Memorandum Opinion and Order on the Defendant's Motion for Summary Judgment, and the Magistrate Judge's Order setting the case for mediation.  The court cannot conclude that its Memorandum Opinion and Order or the Magistrate Judge's Order are relevant, and, even if there were some slight relevance, the probative value of such evidence is substantially outweighed by the danger of confusion of the issues and misleading the jury under Fed. R. Evid. 403.  The objection to Exhibit 52 is due to be SUSTAINED.

In addition to the Motion in Limine regarding Weatherly's termination claim, the Plaintiffs have objected to Defendant's Exhibits 25, 26, 27, 28, 29, 30(a), 30(b).  Each of these documents relates to Weatherly's termination, her pay, and a determination by the Board of Adjustment.  The Plaintiffs state that because summary judgment was granted as to Weatherly's termination claim, she objects to evidence relating to her termination as irrelevant and due to be excluded under Rule 403.  She also objects to the exhibits as hearsay.  The Plaintiffs also state that such evidence would be improper to use as impeachment evidence under Fed. R. Evid. 608 and 404.

The Defendant responds that whether it seeks to use these exhibits and/or offer corresponding testimony is dependent in part on Weatherly's testimony as to her claim of retaliation for "compensation for medical expenses and lost wages due after suffering an injury at the workplace," as separate from a termination claim.  The Defendant says that depending on her testimony, the evidence could become relevant for impeachment.  At this point, the court will reserve ruling, but because the scope of the retaliation claim asserted by Weatherly is unclear, agrees with the Defendant that the evidence the Plaintiffs seek to exclude regarding Weatherly's

Board of Adjustment claim and termination may be made relevant if she seeks damages which include amounts at issue in the Board of Adjustment claim.  The Motion in Limine is due to be GRANTED only to the extent that the Defendant is not to refer to evidence of Weatherly's termination or Board of Adjustment claim without first taking it up outside the presence of the jury.

**Political affiliation, privilege, and association**– the Plaintiffs seek to exclude from evidence from any references to the AEA and Dr. Joe L. Reed.   The Plaintiffs have also objected to Exhibit 52(a), which is a letter from Joe Reed to the Commission on Colleges, dated June 14, 2011, asking for an investigation of his allegations against ASU, and Exhibit 52(b), which is the response to that letter.   While the basis for relevance of these exhibits has not been made clear, from the Defendant's response to the Plaintiff's separately-filed objection to Joe Reed as a witness in this case, the court infers that these exhibits would be used to question the Plaintiffs' motives for filing this lawsuit.

The court did not strike Joe Reed as a witness in this case.   However, even if these documents, relating to a request for accreditation review and a response issued to that request, have some slight probative value, the very real risk of confusing the issues, misleading the jury, and wasting time with peripheral issues substantially outweighs any probative value.  The objections to Exhibits 52(a) and 52(b) are due to be SUSTAINED.

The other bases of the Motion in Limine with respect to Joe Reed are that the Plaintiffs seek to exclude reference to communications including requesting assignment of counsel, attorneys' fees, communications with the Plaintiffs' attorneys, etc.   The Defendant's response indicates that the Defendant only intends to offer Joe Reed for impeachment as to the

information contained within Exhibits 52, 52(a), and 52(b).  There being no cause shown to do otherwise, and the exhibits themselves not being admissible, the Plaintiffs' Motion in Limine is due to be GRANTED as to references to the AEA in connection with its relationship with counsel for the Plaintiffs.  If the Defendant contends that there is a purpose for offering Dr. Reed as a witness for impeachment that is independent of Exhibits 52, 52(a), and 52(b), the Defendant may take that up outside the presence of the jury.

**Circumstantial evidence of character or a trait of character**– Plaintiffs seek to exclude evidence of Weatherly's termination, and photographs of Lydia Burkhalter.

With regard to Weatherly's termination, the Defendant adopts its arguments as stated above.  Therefore, the court reserves ruling on this aspect of the motion as well.  The Defendant, however, is not to refer to the circumstances of Weatherly's termination, or evidence relevant to the damages identified, without first taking it up outside the presence of the jury.

With regard to the challenged photographs of Burkhalter, the Plaintiffs contend that the Defendants failed to properly designate the photographs in Burkhalter's deposition, the photographs were taken after her termination from employment, and the photographs were required by her current employer.  The Plaintiffs state that the photographs and any testimony about them are irrelevant, and even if they are relevant, they are due to be excluded under Rule 403.  The Plaintiffs argue that ASU has never asserted "welcomeness" as a defense to Plaintiff's sexual harassment claim and has instead denied that harassment occurred, so the evidence is not relevant.

The Plaintiffs point to Fed. R. Evid. 412 (b)(2) which provides as follows:

In a civil case, the court may admit evidence offered to prove a victim's sexual behavior or sexual predisposition if its probative value substantially outweighs

>the danger of harm to any victim and of unfair prejudice to any party. The court
>may admit evidence of a victim's reputation only if the victim has placed it in
>controversy.

The Rule also sets out a procedure for admissibility which states that notice must be given 13 days before trial and the court must conduct an in camera hearing and give the victim and parties a right to attend.  Finally, the Plaintiff's have also objected to Defendant's Exhibit 44, which includes two photographs of Burkhalter.

The Defendant responds that it marked the photographs as exhibits to Burkhalter's deposition and, therefore, did not fail to produce them.  The Defendant also states that it identified these photographs on its original exhibit list, filed in September of 2011.   The Defendant states that reliance on rules 404 and 412 are misplaced because the photographs are not offered to prove character or sexual predisposition, but rather to impeach her testimony regarding the alleged hostile environment, Burkhalter's damages, and the extent of her damages.

The court has reviewed the two photographs attached as Defendant's Exhibit 44.   While not clearly subject to Fed. R. Evid. 412, the photographs also do not appear probative of the purposes for which the Defendant seeks to offer them.  Even if there is some slight probative value, it is substantially outweighed under Rule 403 by danger of unfair prejudice, confusing the issues, misleading the jury, and wasting time.   The Motion in Limine is due to be GRANTED as to this evidence and the Objection to Exhibit 44 is due to be SUSTAINED.

**Evidence of any prior conviction against Plaintiff**–the Plaintiffs refer specifically to Weatherly's conviction for intent to distribute narcotics, for which she served a 20 month sentence.  The Plaintiffs have also objected to Exhibit 27(a)–judgment in her criminal case–*USA v. Jacqueline J. Riddick*.  The Plaintiffs state that the conviction is more than 20 years old,

and should be excluded under Fed. R. Evid. 609, should be excluded under Rule 403, was not properly produced, is hearsay, and improper character evidence. The Plaintiffs also seek to preclude testimony or documentation of any plea under Fed. R. Evid. 410.

Under Rule 609, evidence of a conviction is not admissible if a period of more than ten years has elapsed since the date of the conviction or the release of the witness from confinement, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect.

The Plaintiffs state that ASU was aware of the conviction at the time Weatherly was hired and the risk of prejudice is very great.

The Defendant responds that the conviction should be admitted because the probative value of the conviction outweighs its prejudicial effect. The Defendant states that Weatherly was questioned about her conviction in her deposition, and was identified in a compilation exhibit on its original trial exhibit list. The Defendant cites the court to cases such as *United States v. Pritchard*, 973 F.2d 905 (11th Cir. 1992), for the proposition that when credibility is key to a case, admitting a stale criminal conviction is not an abuse of discretion. Of course, the cases cited are criminal prosecutions.

The Defendant alternatively argues that the conviction can be used for a Rule 404(b) purpose, motive, opportunity, intent, preparation, plan, or other non-character purpose, but does specify such a purpose.

The court cannot conclude in this case, based on the specific facts and circumstances, that any reason to admit the stale conviction relating to drugs substantially outweighs its prejudicial

effect within Fed. R. Evid. 609(b).  The Motion in Limine is due to be GRANTED as to Weatherly's stale conviction and the Objection to Defendant's Exhibit 27(a) is due to be SUSTAINED.

**Evidence of other lawsuits involving Plaintiffs and/or potential witnesses**–the Plaintiffs seek to exclude under Fed. R. Evid. 402 evidence of Plaintiffs' and other witnesses' involvement in other lawsuits.  The Plaintiffs state that allowing the introduction of previous or subsequent lawsuits would require mini-trials on the merits of those suits.  The Plaintiffs also note that ASU moved to exclude evidence of other lawsuits in its objection to the Plaintiffs' Amended Exhibit list.  The Plaintiffs state that if the Defendants are allowed to present evidence regarding lawsuits involving the Plaintiffs, the Plaintiffs ought to be allowed to present evidence of lawsuits which have involved ASU.

With respect to Plaintiff Williams, the Plaintiffs seek to exclude lawsuits by Williams against other employers, such as Time Warner and Cable News Network.  The Plaintiffs separately seek to exclude evidence of Williams's disability and applications for disability.  The Plaintiffs have also objected to Defendant's Exhibit 34, and application for disability benefits, and Exhibit 36–*Cynthia Williams v. Time-Warner, Inc. and Cable News Network*.

Specifically, the Plaintiffs state that the Order of a Georgia court found at Defendant's Exhibit 36 contains language about Title VII, the ADA, and other discrimination, but legal instruction in this case must come from this court.  The Plaintiffs also argue that disability issues are not relevant in this case and may cause a juror to make a decision based on emotion or prejudice as it relates to a person who is disabled or has applied for disability.

The Defendant responds that it will offer the exhibit not to prove character, but to show motive, intent, preparation, plan or other permissible non-character purposes, but does not specify which purpose, or how the exhibit is relevant to that purpose.

Exhibit 36, which contains a ruling by another court in another case, among other documents, has not been shown to have any probative value, and if there is slight probative value, is substantially outweighed under Rule 403 by a risk of confusing the issues and misleading the jury. The objection to Exhibit 36 is due to be SUSTAINED. The Motion in Limine is also due to be GRANTED to the extent that Williams is not to be questioned about suits against other employers unless she opens the door to such evidence.

Exhibit 34–eligibility for Social Security benefits by Cynthia Williams. The Plaintiffs object to this evidence stating that the Defendant failed to produce it, and that it is not relevant, and due to be excluded under Rule 403. The Defendant states that the evidence is relevant to the calculation of Williams's damages, interim earrings, and claim for reinstatement.

The document marked as Exhibit 34 is a request for information for a determination of eligibility for social security benefits, but is not completed. It is not probative of the purposes identified by the Defendant because it does not establish that any disability determination was made. Even if this document were relevant in some way for the damages calculation purposes identified by the Defendant, the danger of confusing the issues or misleading the jury substantially outweighs any probative value, and the objection is due to be SUSTAINED.

The Plaintiffs also object to Exhibit 35–letter from Cynthia Williams to Olan Wesley dated May 23, 2006, which refers to her resignation because she had prematurely attempted to resume full-time work after medical disability because of Lupus. The Plaintiffs state that the

letter is hearsay and due to be excluded under Rule 403. The Defendant states that it is relevant, but does not explain the purpose for which it is relevant. Any slight probative value this letter may have is substantially outweighed by the danger of unfair prejudice and confusion of the issues. The objection is due to be SUSTAINED. Should the Plaintiffs open the door through damages testimony about Williams's claim for disability, the Defendant may be able to question Williams, but should first take up the matter outside the presence of the jury.

The Plaintiffs also seek to exclude and object to Exhibit 37(b), a November 7, 2007 ASU Application for Employment. The Plaintiffs state that this is irrelevant, due to be excluded under Rule 403, hearsay, and is improper for impeachment as character evidence. This exhibit is an application for employment of Cynthia Williams dated November 7, 2007. The Plaintiffs and the Defendant have argued in very general terms about the relevance of the evidence, with the Defendant referring to no specific purpose for which the document will be offered. The court will have to take up the issue of admissibility at trial.

As to Plaintiff Weatherly–the Plaintiffs seek to exclude evidence from a lawsuit against Weatherly by ASU based on the overpayment to her bank account. As stated above, the lawsuit and Board of Adjustment determinations may become relevant depending on Weatherly's retaliation claim. Therefore, the Motion in Limine is due to be GRANTED only to the extent that such evidence must be taken up outside the presence of the jury.

The Plaintiffs also have moved in limine and objected to Defendant's Exhibit 30–complaint of divorce relating to Weatherly. The Defendant does not appear to have responded to the objection to the exhibit, but in response to the Motion in Limine, the Defendant states that issues of Weatherly's pending divorce are relevant to damages, and the extent to

which claimed damages have other causes. Exhibit 30 itself is a Complaint of divorce which includes detailed information about Weatherly's husband's activities, and would be unduly prejudicial, and pose a substantial risk of confusing the issues in this case. The objection is therefore due to be SUSTAINED under Rule 403 balancing. Weatherly may, however, be questioned about the fact of her divorce as a cause for mental anguish, should she open the door to such testimony at trial, but the Motion in Limine is due to be GRANTED to the extent that the Defendant should first take up this matter outside of the presence of the jury.

**Personal matters, including family**– the Plaintiffs seek to exclude evidence related to any financial matter including but not limited to bankruptcy, garnishment, contempt, evictions, etc. The Plaintiffs state that they anticipate that the Defendants will attempt to elicit hearsay allegations regarding Burkhalter and evictions, living in her car etc.

The Defendant responds that evidence related to Burkhalter's ability to arrive at work on time form part of the background leading up to the non-discriminatory reasons for her termination. While evidence that Burkhalter was late to work is relevant, and not due to be excluded, evidence as to the cause of her lateness is less relevant and may be due to be excluded as unfairly prejudicial and confusing under Rule 403. Therefore, the Motion in Limine is due to be GRANTED as to this evidence to the extent that the Defendant is not to mention Burkhalter's evictions or lack of a place to live without first taking it up outside of the presence of the jury.

**Evidence of other transcripts and testimony**–the Plaintiffs refer to the statement in the Defendant's deposition designations, which have now been stricken, that they intend to utilize any and all portions of any deposition or other sworn testimony given in any case or due process proceeding. They seek to exclude this evidence as not properly designated. To the extent that

the Defendant intends to rely on depositions not designated, other than the opportunity to object to designations as set forth in this court's previous Order on Plaintiff's Motion to Strike Deposition Designations (Doc. #102), the Motion in Limine is due to be GRANTED.

The Plaintiffs also seek to exclude, and object to, Defendant's Exhibit 33–an Audiotape Transcription of the testimony of Cynthia Williams.  The Plaintiffs state that the Defendant has represented that the entire transcript of an internal EEO hearing has been lost.  The court has previously sustained an objection by the Defendant to the Plaintiff's use of some of this transcript.  For the same reasons, the objection to the portion marked by the Defendant is also due to be SUSTAINED.

**Affirmative defenses**– the Plaintiffs state that defenses not previously pled cannot now be asserted.  It does not appear that the Defendant intends to assert any new affirmative defenses, but should that issue arise, the court will take it up at trial.

**Objections to Exhibits**

The court now turns to the remaining Objections to Defendant's Exhibits, not covered by the Plaintiffs' Motion in Limine.  The first portion of the Plaintiffs' objections states that because the exhibits initially exchanged were not numbered, the Plaintiffs are unsure whether exhibits provided to them are listed in the exhibit list.   The Plaintiffs seek to exclude any exhibits not listed by the Defendant.  The Defendant does not appear to have responded to this objection, nor to the objection that exhibits were not properly marked.  After the Plaintiffs' objections were filed, the Defendant filed an Amended Exhibit List which attaches exhibits to it.  (Doc. #124).  If this new list does not resolve the Plaintiffs' objections, the Defendant will be required to furnish its exhibits to the Plaintiffs, as directed below.

The Plaintiffs have also objected to particular exhibits identified by the Defendants as follows:

Defendant's Exhibits 5, 6, 6(a), 6(b), 7, 8, 9, and 10 are all memoranda or handouts which relate to sexual harassment training by ASU. The Plaintiffs have objected to all of these exhibits with identical objections based on relevance, Fed. R. Evid. 403, hearsay, the exhibit not having been disclosed, and lacking proper foundation under Fed. R. Evid. 901.

With respect to the disclosure objection, the Defendant responds that ASU timely asserted its *Faragher/Ellerth* affirmative defense, and questioned witnesses in depositions about their sexual harassment training. The Defendant further states that Plaintiff Weatherly identified during her deposition one set of the training materials, Defendant's Exhibit 7.

The court has reviewed the exhibits. It appears to the court that the exhibits are relevant to the Defendant's affirmative defense and, with the proper foundation at trial, will be admissible over the Plaintiffs' authentication and hearsay objections. The court will, therefore, determine admissibility if these exhibits are offered at trial, once the Defendant has had the opportunity to establish the appropriate foundation for them.

Exhibit 31 is Cynthia Williams's acknowledgment of receipt of Staff Handbook and Exhibit 38 is Lydia Burkhalter's acknowledgment of receipt. Both documents consistent of two separate pages. Each Plaintiff signed one page, and signed and indicated receipt on behalf of another person on the other page. The Plaintiffs state that the exhibits are hearsay, and irrelevant and due to be excluded under Rule 403. The Plaintiffs state that they do not object to their use for the limited purpose of showing that others, namely, Trustee Seawright and John Knight requested the Staff Handbook.

The Defendant responds that the materials are relevant to show that the Plaintiffs themselves, and not just Seawright and Knight, received the handbook, which contains policies germane to this case, and are not inadmissible hearsay because the Defendant will be able to establish a foundation for admissibility as a record of a regularly conducted activity. *See* Fed. R. Evid. 803 (6). It appears that both Plaintiffs signed for receipt individually, as well as for Trustee Seawright and Knight respectively, on different dates. The court will, however, rule on the admissibility at trial, once the Defendants have laid an appropriate foundation.

Exhibit 37(c), 45–Assessment and Recommendation for SAPO Support Staff–the Plaintiffs contend that these exhibits, which appear to be identical, but are designated separately as to Plaintiffs Williams and Burkhalter, are irrelevant, due to be excluded under Rule 403, hearsay, and an improper use of character evidence. These exhibits contain an evaluation of Plaintiff Williams and Burkhalter, listing strengths and weaknesses, along with another employee. The Defendant maintains that it will be relevant to Plaintiffs' claims that the Defendant failed to follow its own policies, subjected them to disparate treatment in application of policies, and that the reasons for termination were pretextual. If the Defendant sufficiently establishes a foundation for admissibility over the Plaintiffs' hearsay objection, the court will rule on the admissibility of this document at trial. Preliminarily, however, it appears to have probative value that would not be substantially outweighed under Rule 403, nor be improper character evidence.

Exhibit 50–Composite Exhibit–Bartley's certification/attendance of management leadership training and related workshops. The Plaintiffs state that they object to certain portions of the exhibit; namely, the table of contents of the manuals for the American

Management Association and the table of contents of Strictly Business: Dale Carnegie Immersion Seminar, because Defendant failed to produce or identify this exhibit. The Plaintiffs also object to hearsay and lack of foundation.

The Defendant responds that the Plaintiffs do not object to any of the certificates of attendance themselves. The court will not admit the composite exhibit as identified over the Plaintiffs' objection. If the Defendant seeks to admit the certificates of attendance at training sessions, they must separately mark those documents as exhibits, and provide them to opposing counsel. The objection as to Exhibit 50 as currently marked is due to be SUSTAINED, and the court will rule on the admissibility of the documents separately marked for identification purposes, once the Defendant establishes a foundation for admissibility at trial.

Exhibit 53–Various Issues of *ASU Today*, from 2007 to 2011. The Plaintiffs state that these documents have not been produced or identified in accordance with Fed. R. Civ. Pro. 26, that the documents are irrelevant, due to be excluded under Fed. R. Evid. 403, and are without foundation. The Plaintiffs further state that from the listed description, they cannot tell what documents are actually being offered.

The Defendant does not respond to the argument that the documents have not been disclosed, or properly designated. The court has attempted to review the exhibit, but does not find an Exhibit 53 appended to Defendant's response to Plaintiffs' objections, as required by this court's Order. (Doc. #23, § 11). Accordingly, for apparent failure to comply with Fed. R. Civ. Pro. 26, and to comply with this court's Order, and because allowing this apparently voluminous exhibit of minimal, if any, relevance would cause a waste of time, and confusion of the issues

which would substantially outweigh any probative value of this evidence, the objection to Exhibit 53 is due to be SUSTAINED.

For the reasons discussed it is hereby ORDERED as follows:

1. The Motion in Limine is GRANTED as to:

a. any determination by the EEOC on the Plaintiffs' charges.

b. orders by this court, or other courts.

c. evidence regarding Weatherly's termination and Board of Adjustment claim to the extent that the Defendant should take the admissibility of such evidence up outside of the presence of the jury.

d. photographs of Burkhalter contained in Defendant's Exhibit 44.

e. Weatherly's criminal conviction.

f. Williams's suits against other employers, and disability, except that Williams may open the door to the use of such evidence, at which time the Defendant should take the admissibility of such evidence up outside of the presence of the jury.

g. Weatherly's divorce, except that Weatherly may open the door to the use of such evidence, at which time the Defendant should take the admissibility of such evidence up outside of the presence of the jury.

h. Burkhalter's evictions and living situation, except that Burkhalter may open the door to the use of such evidence, at which time the Defendant should take the admissibility of such evidence up outside of the presence of the jury.

i. references to the AEA in connection with the Plaintiffs' representation in this case

2.  Defense counsel is DIRECTED to confer with Plaintiffs' counsel and determine whether its newest list, with attachments (Doc. #121), is sufficient to alleviate Plaintiffs' counsel's concerns about what documents are being used by the Defendant at trial.  If Plaintiffs' counsel's concerns persist, Defense counsel is DIRECTED to properly mark all of the exhibits, including separately identified documents now collectively marked as Exhibit 50, it intends to use at trial, and provide them to the Plaintiffs by noon on February 2, 2012.

3.  Plaintiff's Objections are SUSTAINED as to Defendant's Exhibits 27(a), 30, 33, 34, 35, 36, 44, 50 as presently identified, 52, 52(a), 52(b), and 53.

Done this 31st day of January, 2012.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE