IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JACQUELINE WEATHERLY, | ) | |
| CYNTHIA WILLIAMS, and LYDIA | ) | |
| BURKHALTER, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No.  2:10CV192-WHA |
| | ) | |
| ALABAMA STATE UNIVERSITY, | ) | (wo) |
| | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

This cause is before the court on the Defendant's Objections to Plaintiffs' Amended Witness List for Trial (Doc. #110), and the Defendant's Motion in Limine (Doc. #111).

The Defendant objects to various witnesses, and moves in limine to exclude the following two categories of the Plaintiffs' evidence:  "other acts" evidence other than alleged acts of race and gender discrimination and retaliation, and evidence of non-employment or personal relationships or conduct.  The court will take each in turn.

**Objections Based on Failure to Disclose Witnesses**

The Defendants have objected to Lena Smith, Flamoun Johnson, Brittney Williams, Haneda Washington, Jay C. Coleman,  Harriet Hubbard, Cinclair Cullars, Denise Davis, as not having been identified by the Plaintiffs in initial disclosures or in discovery.

The Plaintiffs maintain that each of these witnesses was previously identified in depositions taken in this matter, and/or listed pursuant to Rule 26 in the Initial Disclosures.

All of the witnesses objected to as not having been disclosed are included on the initial

witness list filed by the Plaintiffs before the first setting for trial of this case. (Doc. 77). The listings in the original witness list for Flamoun Johnson and Haneda Washington are redacted, but apparently had identifying information. Jay C. Coleman is listed as c/o Defendant, and the Plaintiffs state that he was discussed in Plaintiff Williams' deposition. Denise Davis is not listed with any identifying information, but the Plaintiffs say she was discussed in Williams' and Young's depositions. Some of the witnesses, however, include only names and no other information: Cinclair Cullars, Lena Smith, and Brittney Williams. Therefore, in light of the Defendant's objection, the Plaintiffs will be required to file a statement of what the substance of their expected testimony would be at trial. After disclosure, the court will entertain any further requested relief by the Defendant.

### Objections to Witnesses Providing Rule 404(b) Evidence

The Defendants have objected to witnesses Kandis Daramola, Evelyn Walker-Proctor, Tina Golshon, Yurlesa Munford, Shayla Summerford, Dana W. Vandiver, Jeniese Holsey, Meisha Jackson, Robert Forbus, Jackie Kennedy-Amis, Lynn Campbell, Vala M. Delaine, Joy Banks, Linda Matthews, Dr. Denise Chapman, Lena Smith, Flamoun Johnson, Brittney Williams, Haneda Washington, Renwick O. Jones, Jay C. Coleman, Maryland Wade, Dr. Janice Franklin, Beatrice Jackson, Cubie Hayes, Tammy Palmer, Harriet Hubbard, Cinclair Cullars, Denise Davis, Nataly Barnes, Dr. E.K. Daufin, on the basis that their testimony will consist of improper "other acts" evidence which will not satisfy the admissibility requirements of Fed. R. Evid. 404(b) and 403.

Within the Defendant's Motion in Limine as to Rule 404(b) evidence is an illustrative list of the type of evidence and exhibits that the Defendant objects to which includes: acts or words

by Bartley or Knight of non-racial or gender harassment toward the Plaintiffs and other persons; acts or words of gender or race harassment toward people other than the Plaintiffs outside of the knowledge of the Plaintiffs; discrimination by Bartley or Knight towards people other than the Plaintiffs; retaliation against people other than the Plaintiffs for participation in EEOC proceedings and for actions not within an EEOC proceeding; acts or words by Bartley or Knight which pre-date March 2008; acts or words by the Board of Trustees, President Harris, or other ASU officials to persons other than Plaintiffs; complaints made to and proceedings and decisions concerning the ASU EEO committee by persons other than the Plaintiffs; charges filed with the EEOC and the outcome of those charges by persons other than the Plaintiffs; lawsuits brought and the outcome of those lawsuits against ASU by persons other than the Plaintiffs; financial improprieties of ASU; evidence tending to question the business judgment, decision-making, or wisdom of policies at ASU; and non-compliance with ASU policies as to the challenged acts, and evidence of non-compliance as to other than the challenged acts.

In response to the Motion in Limine, the Plaintiffs have stated broadly that they seek to present evidence to rebut the Defendant's contention that it had efficacious reporting policies by presenting evidence of the failure of Defendant's policies with regard to prior complaints; evidence of how others were treated to show discrimination; evidence of discrimination or retaliatory acts or lawsuits for actions that occurred prior to the Plaintiffs' claims in this matter; and evidence regarding the totality of the circumstances of the work environment.  The Plaintiffs do not refer to particular testimony or witnesses, however.  The Plaintiffs have argued that they cannot substantively respond to the Motion in Limine because the motion is too broad, and is not targeted to particular evidence.

While the court agrees to some extent that the Motion in Limine is too broad to rule on at this point, the court will have to take up individual objections to witnesses and testimony at trial, and, because a Motion in Limine has been filed, will often have to do so outside of the presence of the jury, which could greatly extend the time needed for the trial of this case.  Therefore, rather than simply leave these Objections and the Motion in Limine to be resolved at trial, the court concludes that the better course is for the Plaintiffs to file a brief summary of what the objected to witnesses are expected to testify about at trial, and then the court will then take up the Objections and Motion in Limine with regard to each of the witnesses following jury selection, as Ordered below.

### Objection on the Basis of Embarrassment

In addition to the Rule 404(b) objection, the Defendants have additionally objected to Angela Hurst, Maryland Wade, Dr. Janice Franklin, Beatrice Jackson, Cubie Hayes, and Tammy Palmer as witnesses offering testimony for the purpose of embarrassing or humiliating specific ASU officials.  The Defendant states that Angela Hurst, Maryland Wade, Dr. Janice Franklin, Beatrice Jackson, Cubie Hayes, and Tammy Palmer are witnesses identified by the Plaintiffs whom the Defendant contends may be listed so that the Plaintiffs can elicit testimony regarding present or past social or personal relationships.

The Plaintiffs state that Angela Hurst is believed to be a former student and employee of the Defendant and her testimony is relevant because the circumstances of this witness are substantially similar to Plaintiff Burkhalter with the same supervisor, same reporting line, same employer, and other similarities.  The Plaintiffs do not address the remaining witnesses objected to as providing testimony for the purpose of embarrassment.  Therefore, the Plaintiffs will be required to include a statement of the expected substance of these witnesses' testimony as well.

**Improper Positive Character Evidence**

Finally, the Defendants object to witness Karen Knight as offering testimony which is irrelevant and improper evidence of positive character or improper attempt to bolster credibility by evidence of good character, not in compliance with Rules 404, 405, and 403.  The Plaintiffs respond that Karen Knight will provide relevant evidence pursuant to Rule 404(b) for a relevant, non-propensity purpose, and that it will be offered to prove a specific instance of conduct where character is an essential element of the claim pursuant to Rule 405.  Rather than extend the length of trial by taking up the objections to this witness for the first time at trial, the Plaintiffs will also have to include a statement as to her expected testimony, and the court will take up the Defendant's objections after jury selection.

 In conclusion, in the interest of trying this case within the time allotted for trial, and in the face of the objections and Motion in Limine, and general responses thereto, the court finds it appropriate to take up the Motion in Limine and Objections before the testimony begins at trial.  To that end, it is hereby ORDERED as follows:

1.  The Plaintiffs are DIRECTED to file by **noon** on **February 3, 2012**, a statement of the anticipated testimony of all witnesses objected to by the Defendant (Doc. #101).

2.  The court will take up the Motion in Limine and Objections to those witnesses at a hearing following jury selection on February 6, 2012.

Done this 1st day of February, 2012.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE