**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| JACQUELINE WEATHERLY, | ) | |
| CYNTHIA WILLIAMS, and LYDIA | ) | |
| BURKHALTER, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No.  2:10CV192-WHA |
| | ) | |
| ALABAMA STATE UNIVERSITY, | ) | (wo) |
| | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

This cause is before the court on the Defendant's Motion in Limine (Doc. #111), the

Defendant's Objections to the Plaintiffs' Witness List (Doc. #100), and the Plaintiff's Motion to Strike

the Defendant's Second Amended Trial Exhibit List  (Doc. #144).  The court held a hearing on the

pending matters on February 6, 2011.  The court has considered the parties' written submissions and

the representations of counsel at the hearing.

Within the Defendant's Motion in Limine as to Fed. R. Evid. 404(b) evidence is an illustrative

list of the types of evidence and exhibits to which the Defendant objects.  As the court indicated at the

hearing, some of these matters cannot be disposed of before trial, but will have to be considered within

the context of the evidence at trial.  The court first addresses the categories identified in the Motion in

Limine, and then Objections to Plaintiffs' witnesses not addressed in the discussion of the Motion in

Limine.

**Acts or words by Bartley or Knight of non-racial or gender harassment toward the Plaintiffs and other persons--**

At the hearing held on the pending matters, counsel for the Plaintiffs represented that the Plaintiffs have no intention of presenting evidence as to the totality of the circumstances of the work environment other than race and gender based conduct and comments.   In light of that representation, the court only cautions that the Eleventh Circuit has stated that "[i]nnocuous statements or conduct, or boorish ones that do not relate to the sex of the actor or of the offended party (the plaintiff), are not counted. Title VII, as it has been aptly observed, is not a 'general civility code.'" *Gupta v. Florida Bd. of Regents,* 212 F.3d 571, 583 (11th Cir. 2000).  Therefore, with evidence presented as to the totality of the circumstances, there must be at least some basis for concluding that the comment or conduct is related to race or sex for the evidence to be admissible.

**Acts or words of gender or race harassment toward people other than the Plaintiffs outside of the knowledge of the Plaintiffs**; and **discrimination by Bartley or Knight towards people other than the Plaintiffs**–

The Defendant appears to acknowledge that comments or acts of gender or race harassment directed at persons other than the Plaintiffs, but known to the Plaintiffs during their employment is relevant evidence.  *See, e.g., Edwards v. Wallace Cmty. Coll.*, 49 F.3d 1517, 1522 (11th Cir. 1995).  Evidence of gender or race based comments evincing animus may also be relevant even if not known to the Plaintiffs, however, because the Plaintiffs have disparate treatment claims, and evidence of harassment in the form of gender or race based comments could be evidence of intent on the part of a decision maker.  Evidence of other instances of discrimination, or "me too" evidence can be admissible,

under Rule 404(b), to prove intent, if there is discrimination by the same supervisor. *Goldsmith v. Bagby Elevator Co., Inc*., 513 F.3d 1261, 1286 (11th Cir.2008).   In *Goldsmith* the Eleventh Circuit found that evidence showing plaintiff and certain of his co-workers were discriminated against by the same supervisors in the same manner was admissible under Fed. R. Evid. 404(b) to prove the defendant's intent to discriminate against the plaintiff. *Id.*

When the supervisors are not the same, the evidence is not per se irrelevant, but must be examined to determine whether it should be excluded under Rule 403, which is  "fact based and depends on many factors, including how closely related the evidence is to the plaintiff's circumstances and theory of the case." *Sprint/United Management Co. v. Mendelsohn,* 552 U.S. 379, 388 (2008).

Therefore, evidence of treatment of other persons presented by the Plaintiffs to show intent must fall within such analysis.

**Retaliation against people other than the Plaintiffs for participation in EEOC proceedings and for actions not within an EEOC proceeding--**

At the hearing, there was no mention of any evidence being offered by the Plaintiffs which would fall within this category.   Should the Plaintiffs intend to elicit testimony subject to this aspect of the Motion in Limine, the Plaintiff must first take up that evidence outside of the presence of the jury during a break in the trial.

**Acts or words by Bartley or Knight which pre-date March 2008--**

The Defendant has objected to multiple witnesses on the basis that they appear to be offering evidence which pre-dates March 2008, and that such evidence is due to be excluded.  Plaintiffs cite in

3

their response to the Motion in Limine a number of cases for the proposition that conduct before the limitations period may be relevant background evidence.   *See, e.g., United Air Lines, Inc. v. Evans*, 431 U.S. 553, 558 (1977).   At the hearing, the Plaintiffs took the position that witnesses who testified at Weatherly's internal EEO hearing can provide evidence as to the totality of the circumstances of the environment experienced by Weatherly, and that many of the witnesses will also testify that harassing conduct continued after Weatherly's complaint was made.

In ruling on the Defendant's Motion for Summary Judgment, the court concluded that the Defendant was not entitled to summary judgment on its *Faragher/Ellerth* defense as to Weatherly's claims merely because the harassment admittedly stopped the first time a remedy was provided, at the end of May/beginning of June 2008, because that was more than two months after her complaint was made in March of 2008.   Conduct which created the environment that formed the basis of the March 2008 complaint, and conduct continuing after that point are relevant.   The Motion in Limine is, therefore, due to be DENIED to the extent that it seeks to exclude evidence merely on the basis that it pre-dates March 2008.

**Acts or words by the Board of Trustees, President Harris, or other ASU officials to persons other than Plaintiffs--**

Evidence addressed at the hearing which falls into this category appears to be evidence of notice on the part of ASU, which would be admissible.  Evidence offered for another purpose will have to be taken up outside of the presence of the jury during a break in the trial.

**Complaints made to and proceedings and decisions concerning the ASU EEO committee by persons other than the Plaintiffs--**

4

The Plaintiffs seek to rebut the Defendant's contention that it had efficacious reporting policies by presenting evidence of the failure of Defendant's policies with regard to prior complaints.  Such evidence may be relevant.  *See, e.g.*, *Green v. Administrators of Tulane Educ. Fund*, 284 F.3d 642, 660 (5th Cir. 2002) (stating that evidence of other complaints which had " 'fallen through the cracks' . . . supports the jury's finding that the investigation was inadequate and that Bally's did not take reasonable measures to correct or prevent the harassment.").   Mindful that the danger of misleading the jury, confusing the issues, or wasting the jury's time by trying other individuals' complaints could substantially outweigh the probative value of the evidence, the court must engage in Fed. R. Evid. 403 if evidence of other employees' formal internal complaints is offered.   Therefore, should the Plaintiffs seek to admit evidence, they should take it up during a break in the trial outside of the presence of the jury.

**Charges filed with the EEOC and the outcome of those charges by persons other than the Plaintiffs--**

To this point, no evidence of this type has been pointed to by the Plaintiffs.  Should the Plaintiffs seek to admit such evidence, they should take it up during a break in the trial outside of the presence of the jury.

**Lawsuits brought and the outcome of those lawsuits against ASU by persons other than the Plaintiffs--**

To this point, no evidence of this type has been pointed to by the Plaintiffs.  Should the Plaintiffs seek to admit such evidence, they should take it up during a break in the trial outside of the presence of the jury.

**Financial improprieties of ASU--**

The only evidence of this type of which the court is aware has been addressed through rulings on exhibits.  Specifically, the objections to Plaintiffs' Exhibits 167, 182, 183, and 240, concerning holiday gatherings and gifts, have been sustained and those exhibits may not be offered as substantive evidence in the Plaintiff's case-in-chief.

**Evidence tending to question the business judgment, decision-making, or wisdom of policies at ASU--**

To this point, no evidence of this type has been pointed to by the Plaintiffs.  Should the Plaintiffs seek to admit such evidence, they should take it up during a break in the trial outside of the presence of the jury.

**Non-compliance with ASU policies as to the challenged acts** and **evidence of non-compliance as to other than the challenged acts--**

It is unclear what the basis of this aspect of the motion is, or the evidence it targets.  As was discussed at the hearing on pending matters, the Plaintiffs will make known to the Defendant the witnesses the Plaintiffs plan to call the following day.   If upon disclosure of upcoming witnesses by the Plaintiffs it should appear to the Defendant that the Plaintiffs seek to admit evidence subject to this aspect of the Motion in Limine, the parties should take it up this evidence with the court during a break in the trial outside of the presence of the jury.

**Present or past social and personal relationships of John Knight**.  The Motion in Limine also includes a request to exclude evidence of personal relationships, which is directed, but not limited, to witnesses Angela Hurst, Maryland White, Dr. Janice Franklin, Beatrice Jackson, Cubie Hayes, and

6

Tammy Palmer.

At the hearing, the Plaintiffs withdrew Beatrice Jackson and Tammy Palmer as witnesses.

With respect to Angela Hurst, Maryland White, Janice Franklin, and Cubie Hayes, the Plaintiffs argued at the hearing that these are women who bear a physical resemblance to Plaintiff Burkhalter, they are women whom Knight dated while they were employed by ASU, and that Burkhalter was aware of the relationships.   The Plaintiffs contend that the testimony of these witnesses as to the nature of their personal relationships with Knight is relevant to show that Burkhalter's perception that Knight's actions toward her were harassment based on sex was a reasonable perception, and to show Knight's intent in his actions toward Burkhalter.

With respect to Angela Hurst, the Plaintiffs have also stated that her testimony is relevant because Burkhalter and Hurst's similar appearance gave rise to a rumor that Burkhalter was Knight's girlfriend, which he did not dispel.

The court agrees that there may be some relevance to Burkhalter's testimony that she was aware of these relationships between Knight and these women both to show that Burkhalter's perception of Knight's conduct as harassment was objectively reasonable, and to show Knight's intent. The Motion in Limine is, therefore, due to be DENIED as to the entire subject of these personal relationships.

As stated, Burkhalter's own testimony on these issues is relevant.   As to the objections to the individual women as witnesses, there may also be relevance in the individual women's testimony, particularly if the Defendant were to object that the nature of the relationship is beyond Burkhalter's personal knowledge, or to deny through their witnesses that the relationships existed.   The court will,

7

however, have to conduct Rule 403 balancing based on the state of the evidence at trial if these witnesses are offered.  Therefore, the Plaintiffs are cautioned that they are not to refer to these women as witnesses in the case, or testimony they, rather than Burkhalter, would offer, without first taking it up outside the presence of the jury during a break in the trial.

Finally, the Defendant moved in limine at the hearing, and the court GRANTED that motion, as to evidence that John Knight fathered a child with one of Plaintiff's witnesses.

The court now turns to objections to specific witnesses.

15.  Kandis Daramola, 17.  Evelyn Walker, 18.  Tina Golshon Proctor 19.  Yurlesa Munford, 20. Shayla Summerland, 25.  Jeniese Holsey, 26.  Meisha Jackson, 32.  Jackie Kennedy-Amis, 42. Vala M. Delaine, 43.  Joy Banks, 44.  Linda Matthews, 56.  Flamoun Johnson , 57.  Brittney Williams, and 72.  Denise Davis are all employees or former employees of ASU who are offered to provide testimony as to their own experiences at ASU.   Based on the submissions of the parties, and the arguments at the hearing, it appears that the Defendant's primary objections to this testimony are the timing of the events in question, and that these witnesses do not have first hand knowledge of the disposition of any complaints.  At the hearing, the Defendant indicated it would dispute that complaints by other individuals were properly made so as to be probative of the effectiveness of the policy.   The Defendant also disputes that the witnesses identified by the Plaintiffs would have firsthand knowledge of the disposition of complaints.   In summary, as stated above, testimony as to events predating March 2008 is not objectionable merely on the basis of the timing, and testimony as to the efficacy of formal internal complaints must be taken up outside of the presence of the jury.

Specifically with respect to Joy Banks, at the hearing on pending matters, the court

8

SUSTAINED an objection to testimony by Banks that the office at ASU does not run as smoothly after the Plaintiffs left employment at ASU.

16.  Angela Hurst –this witness is offered as evidence of a personal relationship and is addressed above.

21.  Dana W. Vandiver –the Plaintiffs state that she can testify to the working environment at ASU and to intimidation.  The Plaintiffs also seek to authenticate her affidavit in which she stated that she did not want to testify at Plaintiff Weatherly's EEO hearing because she was intimidated.

As to the authentication issue, in Doc. #33, the court ordered "Exhibit 93, 94, 95, 96, 97–correspondence from Dana Vandiver declining to participate in the EEO hearing and statements by employees other than the plaintiffs.  These documents are hearsay and the objections are SUSTAINED.  Testimony will be governed by the court's ruling on the Defendant's Motion in Limine."  Doc. #133.

The court finds no basis for admitting the affidavit referred to by Plaintiffs.  Vandiver's testimony as to the hostile environment relative to Weatherly is not due to be excluded merely because events predated March 2008.  Other objections to her testimony will have to be resolved at trial.

27.  Robert Forbus  – the Plaintiffs seek to present this witness to testify about the Provato company.  As to Provato evidence, the court's previous ruling is as follows:

> Exhibit 46–email correspondence from Cynthia Williams to Lydia Burkhalter is objected to on grounds of relevance, hearsay, that the document is incomplete, and that it violates Rules 404(b) and 403.  The Plaintiffs respond that the document shows that contract services were being filtered through a company partly owned by Bartley.  There is no text in the email, it merely states that there is an attachment for Memo of Contract Services–FORBUS.docx.  The court cannot conclude that this document meets a hearsay exception or is relevant.  If the Plaintiffs seek to introduce this exhibit

9

at trial, the court will rule on any objections raised to its admissibility at that time.

* * *

Exhibit 163–Provato Consulting, LLC documents.  The Plaintiffs respond to the hearsay objection by invoking Fed. R. Evid. 801(d)(2) and 803(6).   Neither of these rules appears to apply to this document, produced by a source other than ASU.  The objection to Exhibit 163 is due to be SUSTAINED.

Doc. #133.   With respect to witness Robert Forbus, the relevance pointed to by the Plaintiffs is that Forbus has knowledge of the contract entered into by Bartley which was a violation of ASU policy.  This evidence appears to be inadmissible under Rule 403 balancing, but if the Plaintiffs seek to present it, they must do so outside of the presence of the jury during a break in the trial.

40.  Lynn Campbell – will testify as to how Board of Adjustment claims work.  The court ruled on the Defendant's objections to evidence involving this area as follows:

Exhibits 64, 65, 66–correspondence between attorneys Osaygefo Grubbs and Kenneth Thomas and from Knight to Weatherly about Weatherly's termination.  ASU contends that these documents relate to the Board of Adjustments determination, which is covered by its motion in limine.  The Plaintiffs disagree.  The court granted summary judgment on Weatherly's termination claim.  (Doc. #89).  These exhibits appear to be relevant only to that claim.  If there is some other basis for relevance, and the Plaintiffs seek to admit the documents on that basis at trial, the court will rule on any objections by the Defendants at that time, but the offer must be made outside the presence of the jury.

Doc. #133.   Similarly, the Plaintiffs will have to take up Lynn Campbell's testimony outside of the presence of the jury.

47.  Dr. Denise Chapman – testimony is offered to show that the Trustees knew about a racially and sexually hostile environment but did not correct it.  The court will take up objections to this

testimony at trial.

54.   Lena Smith – testimony will be that LaVonette Bartley complimented and gave Burkhalter and Williams wine to dispute the reasons given for Burkhalter and Williams' terminations.   The court will take up objections to this evidence within the context of the evidence at trial.

59.   Haneda Washington – the witness will offer testimony about the events which transpired during an October 28 meeting attended by Williams.   The court will take up objections to this witness's testimony at trial.

61.   Renwick O. Jones – offered for testimony as to his own complaint and to testify as to the harassment he personally experienced.   According to the representations of counsel at the hearing on pending matters, Renwick's testimony would be about events which transpired after the Plaintiffs were no longer employed at ASU.

This evidence does not appear to be relevant, and also to be governed by the court's ruling on the Motion in Limine as to other internal EEO complaints.   The Motion in Limine is due to be GRANTED to the extent that the Plaintiffs are not to refer to this testimony without first taking it up outside of the presence of the jury.

62.   Jay C. Coleman – this witness has been withdrawn so that the objection is moot.

63.   Maryland Wade – offered as to evidence of a personal relationship with John Knight as discussed above.

64.   Dr. Janice Franklin – offered as to evidence of a personal relationship with John Knight as discussed above.

65.   Beatrice Jackson –this witness has been withdrawn so that the objection is moot

11

66. Cubie Hayes – offered as to evidence of a personal relationship with John Knight as discussed above.

In addition, the Plaintiffs seek to admit evidence that Hayes told the Plaintiffs that Knight threatened her with a gun.  The Defendant has objected that this evidence is due to be excluded under Rule 403 as highly prejudicial, particularly in light of the fact that the incident happened more than ten years ago.  The court tends to agree.  Therefore, the Motion in Limine is due to be GRANTED to the extent that the Plaintiffs are not to refer to this gun incident in anyway without first taking it up outside of the presence of the jury during a break in the trial.

67. Tammy Palmer – this witness has been withdrawn so that the objection is moot.

69. Harriet Hubbard – this witness has been withdrawn so that the objection is moot.

71. Cinclair Cullars– this witness has been withdrawn so that the objection is moot.

73. Nataly Barns–this witness has been withdrawn, except for rebuttal or impeachment.

76. Dr. E.K. Daufin — this witness has been withdrawn so that the objection is moot.

78. Karen Knight – witness only will be used for rebuttal.

Accordingly, it is hereby ORDERED as follows:

1.  The Defendant's Motion in Limine (Doc. #111) is DENIED as to evidence which pre-dates March 2008,  and as to Burkhalter's own testimony as to her knowledge of personal relationships of John Knight with women employed at ASU.

2.  The Defendant's Motion in Limine is GRANTED as to evidence that John Knight fathered a child with one of Plaintiff's witnesses.

3.  The Defendant's Motion in Limine is GRANTED to the extent that, as discussed above, the

Plaintiffs must take up all other evidence which is the subject of the Motion in Limine outside of the presence of the jury during breaks in the trial.

4.   The Objection (Doc. #100) by Defendant to testimony by Joy Banks that the office at ASU does not run as smoothly after Weatherly left employment with ASU is SUSTAINED.

5.   Objections to witnesses not governed by the court's ruling on the Motion in Limine will be taken up at trial.

6.   For reasons discussed at the hearing, the Plaintiff's Motion to Strike the Defendant's Second Amended Trial Exhibit List (Doc. #144) is GRANTED as to Defendant's Exhibits 50, 54-60.

Done this 7th day of February, 2012.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE