**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| JACQUELINE WEATHERLY, ) | |
| CYNTHIA WILLIAMS, and LYDIA ) | |
| BURKHALTER, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v.  ) | Civil Action No.  2:10CV192-WHA |
| ) | |
| ALABAMA STATE UNIVERSITY, ) | (wo) |
| ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

This case is before the court on the Plaintiffs' Motion for Equitable Relief (Doc. #162),

filed by Plaintiffs Cynthia Williams and Lydia Burkhalter on May 1, 2012.

Plaintiffs Cynthia Williams ("Williams") and Lydia Burkhalter ("Burkhalter") were

awarded damages for retaliatory termination at trial.  Williams and Burkhalter now seek front

pay.   The court held an evidentiary hearing on the Motion on May 22, 2012.   In ruling on the

Motion, the court has considered the briefs, the testimony and other evidence offered at trial, and

the testimony and other evidence presented at the evidentiary hearing.

The Plaintiffs have argued that they should be awarded front pay, rather than

reinstatement, because reinstatement would be ineffective in granting make-whole relief, would

be unfeasible, and there is no vacancy into which to place Williams and Burkhalter. *See Farley v.*

*Nationwide Mut. Ins. Co.*, 197 F.3d 1322, 1339 (11th Cir. 1999).  Williams and Burkhalter seek

front pay for a period of six years, stating that it will take Williams six years to develop her

business, and it will take Burkhalter six years to complete her nursing degree and find a position

as a registered nurse.

The central purpose of awarding equitable relief to prevailing plaintiffs is to "make the plaintiff 'whole,' to restore the plaintiff to the economic position the plaintiff would have occupied but for the illegal discrimination of the employer." *Farley,* 197 F.3d at 1338.  The Eleventh Circuit has stated that there is a rule of presumptive reinstatement in wrongful discharge cases.  *Id.*  While reinstatement can be granted as equitable relief, when "discord and antagonism between the parties would render reinstatement ineffective as a make-whole remedy" front pay may be awarded. *Id.*  A trial court must "carefully articulate" its reasons for awarding front pay in lieu of reinstatement.  *Id.*

In this case, there is no evidence that there are positions into which to reinstate Williams and Burkhalter.  Furthermore, the testimony at trial demonstrated that there is discord and antagonism between the parties which would render reinstatement ineffective.  In fact, while otherwise opposing all equitable relief, ASU also opposes reinstatement for numerous reasons and is in agreement that reinstatement would be an ineffective make-whole remedy.  (Doc. #163 at pages 6-7).  Based upon the entire record, therefore, the court will not order reinstatement in this case.

As indicated, ASU opposes the awarding of front pay in this case as an alternative to reinstatement.[1]  ASU argues generally that the court can, and should, exercise its discretion not to award front pay in this case because the Plaintiffs have been awarded a sufficient amount of

---

[1] As the court stated in open court at the evidentiary hearing, the court finds no basis for denying equitable relief based on the Defendant's argument that ASU had a legitimate non-discriminatory reason for terminating these Plaintiffs.  Mixed-motive was not asserted as a defense in the Pre-Trial Order nor in the requested jury charges.

back pay to make the Plaintiffs whole.  The court declines to exercise its discretion to deny front

pay entirely because, based on the evidence presented at the evidentiary hearing, the court does

not conclude that back pay is sufficient to make the Plaintiffs whole.

Specifically with regard to Plaintiff Williams, ASU argues that Williams should not be

awarded front pay because Williams has been receiving Social Security benefits as a person with

a disability who cannot work.  ASU also contends that the Social Security benefits Williams

receives, along with her consulting work, are greater than her salary was at ASU, so that no front

pay is due.

Williams testified credibly at the evidentiary hearing, and presented documentary

evidence to demonstrate, that she is paid benefits by the Social Security Administration through a

program entitled "Working While Disabled–A Guide to Plans for Achieving Self-Support."

ASU's argument that Williams's receipt of Social Security benefits means that she is unable to

work is, therefore, not supported by the evidence.  Williams also testified that the condition

which causes her disability, Lupus, was made worse in 2009 because of stress she experienced

through her employment at ASU.

The Eleventh Circuit has held in a case in which back pay and front pay were awarded,

and in which the district court refused to offset the award by the amount of Social Security

retirement benefits, that "Social Security benefits are not to be deducted from ADEA awards."

*Dominguez v. Tom James Co.*, 113 F.3d 1188 (11th Cir. 1997).   The court stated that whether to

deduct Social Security benefits is not left to a district court's discretion.  *Id.*[2]  ASU contends that

_____

[2] To the extent that front pay and back pay might be treated differently, the court exercises
its discretion not to deduct the Social Security benefits from the front pay award.

the exception for deducting sources of income from front pay should be limited to retirement and unemployment compensation benefits.

The court in *Dominguez* applied the holding from *Brown v. A.J. Gerrard Mfg. Co.*, 715 F.2d 1549, 1551 (11th Cir. 1983) (en banc), which in turn applied *National Labor Relations Board v. Gullett Gin Co.*, 340 U.S. 361 (1950). In *Gullett Gin Co.*, the Court noted that the National Labor Relations Board ("NLRB") "had for many years been following the practice of disallowing deduction for collateral benefits such as unemployment compensation." 340 U.S. at 364. The Eleventh Circuit held in *Brown* that unemployment compensation benefits should not be deducted from Title VII back pay awards. *Brown*, 715 F.2d at 1551. Finding that Title VII and ADEA are similar, the Eleventh Circuit later applied the holding of *Brown* to ADEA cases, and extended it to "Social Security benefits." *Dominquez*, 113 F.3d at 1191.

The Eighth Circuit has concluded that a district court did not err in refusing to reduce a front pay award where the defendant argued that it should be reduced "by the workers' compensation, social security payments, and disability payments" the plaintiff received. *Salitros v. Chrysler Corp.*, 306 F.3d 562, 573-74 (8th Cir. 2002). While the Eleventh Circuit does not appear to have spoken directly on this issue, the court concludes that the rule in the Eleventh Circuit should not be limited to unemployment and retirement benefits, and that, consistent with the holding of the Eighth Circuit, front pay should not be reduced by Social Security disability payments.

Williams seeks front pay from February 2012 through December 2017. Williams's income by year from her consulting business was $1,025.00 in 2010, $15,300.00 in 2011, and is projected to be $50,070.00 for 2012. Williams testified at the evidentiary hearing, however, that

4

she would not receive the full $50,070.00 in contracts for 2012. Williams also testified that the amount of contracts from her business in years beyond 2012 is unknown. Williams's salary at ASU was $52,582.40.

Williams is not yet earning what she earned while at ASU, but it appears to the court that an award of front pay for six years, as requested by Williams, would result in a windfall to her, because she has been able to establish a successful consulting business pursuant to which she has performed additional contracts each year. "A monetary award of front pay is calculated to terminate on the date a victim of a discrimination attains an opportunity to move to his 'rightful place.'" *Weaver v. Casa Gallardo, Inc.*, 922 F.2d 1515, 1529 (11th Cir. 1991), superseded by statute on other grounds, Civil Rights Act of 1991, Pub.L. No. 102-166, § 101, 105 Stat. 1071. Therefore, the court exercises its discretion to award Williams only a year of front pay. Although ASU contends that no front pay at all should be awarded, it has not disputed the calculations for what a year of front pay in 2012 would be as presented in the Plaintiffs' evidence. The court finds, therefore, that Williams is entitled to $27,358.65 in front pay, as calculated in the chart placed in evidence.

With respect to Burkhalter, ASU states that Burkhalter is requesting essentially that ASU pay her to pursue a new career in nursing, which is not allowed under Eleventh Circuit law, citing *Miller v. Marsh*, 766 F.2d 490 (11th Cir. 1985), among other cases.

In *Smith v. Am. Service Co. of Atlanta*, 796 F.2d 1430 (11th Cir. 1986), the Eleventh Circuit explained that a plaintiff who goes to school can still be found to have mitigated her damages. "In light of Smith's efforts to secure employment prior to beginning school, and in light of the fact that she worked part-time while she attended school, we affirm the district court's

conclusion that Smith's decision to attend school full-time was entirely reasonable under the circumstances and not a failure to mitigate damages." *Id.* at 1432.

In this case, Burkhalter testified credibly at the evidentiary hearing that she looked at numerous places for work in the fields in which she was qualified and could not find a job. She decided to go back to school to seek a degree in nursing. She was able to find a job related to the medical field where she now works full-time, while going to school part-time. The court concludes, therefore, that this is not a situation in which the Plaintiff has failed to mitigate her damages.

Burkhalter has, however, requested six years of front pay, without establishing a factual basis for that particular length of time. She testified that she thought she could complete her degree within eighteen months from the summer of 2012, but that the timing for completion of her degree would depend upon the availability of classes. She agreed that once she secures a registered nursing position, she will make more in income than she made with ASU. The court concludes that the amount required to make Burkhalter whole is front pay for a period of two years, which, according to the calculations placed in evidence and not disputed by ASU, would be $40,822.41.

The final issue before the court at this point in the proceedings is the award of prejudgment interest on the Plaintiffs' back pay awards. ASU did not respond to the Plaintiffs' request for this relief in its brief.

In determining whether to grant prejudgment interest on a back pay award, the court looks to the National Labor Relations Act ("NLRA") for guidance. *EEOC v. Guardian Pools, Inc.*, 828 F.2d 1507, 1512 (11th Cir.1987). "Although the Eleventh Circuit has reserved ruling on whether

the district court has discretion to award prejudgment interest on back pay, 'there has been a consistent practice under the NLRA to award interest on back pay awards' at the prevailing IRS prime rate." *Haynes v. City of Montgomery*, No. 2:06cv1093-WKW, 2008 WL 4495711, at *10 (M.D. Ala. Oct. 6, 2008) *(*citing *Guardian Pools*, 828 F.2d at 1512), *aff'd*, 344 F.App'x, 519 (11th Cir. 2009).  In *Guardian Pools, Inc.*, the Eleventh Circuit, consistent with the policy and practice of the NLRB, concluded that IRS prime rates are to be utilized in calculating "the amount of prejudgment interest on back pay awards in Title VII cases." 828 F.2d at 1512.

While not conceding that prejudgment interest is due in any amount, ASU has not disputed the calculation of prejudgment interest as presented by the Plaintiffs in the exhibits introduced at the evidentiary hearing.  Accordingly, in the judgment to be entered by the court in this case, the court will award, in addition to the front pay stated herein, back pay in the amount indicated by the jury plus the prejudgment interest established in the Plaintiffs' evidentiary submission, for a total of $151.789.58 in back pay and prejudgment interest for Williams and $105,687.24 in back pay and prejudgment interest for Burkhalter.

For the foregoing reasons, it is hereby ORDERED that the Plaintiffs' Motion for Equitable Relief (Doc. #162) is GRANTED, and the front pay and prejudgment interest on back pay awards specified in this Memorandum Opinion and Order will be awarded in the court's separate Final Judgment.

Done this 25th day of May, 2012.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE