IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JACQUELINE WEATHERLY, CYNTHIA WILLIAMS, and LYDIA BURKHALTER, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No.  2:10cv192-WHA |
| ALABAMA STATE UNIVERSITY, | ) ) ) ) | (wo) |
| Defendant. | ) | |

ORDER

This cause is before the court on Defendant Alabama State University's Renewed Motion for Judgment as a Matter of Law, and Alternative Motion for New Trial And/Or Remittitur, filed pursuant to Fed. R. Civ. P. 50(b) and 59 (Doc. #182) and the Plaintiffs' Motion to Strike as Untimely (Doc. #193).

This case was tried to a jury in February of 2012.  When the Plaintiffs rested their case, ASU moved for judgment as a matter of law, and the court reserved ruling on the motion.  At the close of all evidence, ASU renewed its motion, and the court granted the motion with respect to the disparate treatment claims, with the concurrence of Plaintiffs' counsel.  The court reserved ruling on the remainder of the motion.  The jury returned a verdict, awarding damages to the Plaintiffs on many of their claims, on February 17, 2012.  This court delayed entering final judgment to decide the issue of equitable relief to which the Plaintiffs would be entitled.   The court held an evidentiary hearing on the issue of equitable relief on May 22, 2012, and entered an Order on that relief on May 25, 2012.  The court also entered a Final Judgment on May 25, 2012.

The events relating to the filing of the Defendants' Renewed Motion for Judgment as a Matter of Law or New Trial, as set forth by defense counsel, are as follows:

> ASU's counsel prepared a Renewed Motion for Judgment as a Matter of Law, and Alternative Motion for New Trial and/or Remittitur ("Post-Trial Motions") and finished them on the evening of June 22, 2012. (See Declaration of Mark Englehart ("Englehart Dec."), filed as Exhibit 1, ¶ 6). At approximately 11:56 or 11:57 p.m. Central Daylight Time, Mark Englehart ("Mr. Englehart"), one of ASU's attorneys, attempted to login to the Court's CM/ECF filing system for the purpose of electronically filing ASU's Post-Trial Motions. (See id.). After entering his username and password, Mr. Englehart received an error message and was unable access to the CM/ECF system. (See id. at ¶¶ 7-8). Mr. Englehart then made a second attempt to access the Court's electronic filing system. (See id.). However, he again received an error message. (See id.). Mr. Englehart then entered his login information for a third time and was able to successfully access the Court's CM/ECF filing system at approximately 11:59 p.m. (See id. at ¶ 11). Mr. Englehart then promptly proceeded to file the Post-Trial Motions. (See id. at ¶ 12).
> The filed version of ASU's Post-Trial Motions bears a date stamp of June 23, 2012 at the top of the document. (See Doc. 182). However, the electronic notification sent from the Court's CM/ECF system shows the filing was completed on June 23, 2012 at "0:00 AM CDT." (See Englehart Dec., ¶ 13). Based on this time stamp, the filing appears to have been completed just seconds after midnight. Moreover, the Information Technology Specialist in the Clerk's Office has confirmed the filing was completed 46 seconds after midnight. (See id. at ¶ 16). But for unforeseen technical problems accessing the Court's CM/ECF system, ASU's counsel would have timely completed the filing before midnight. (See id. at ¶ 17).

(Doc. #202 at p.2-3).[1]

On June 25, 2012, Alabama State University filed a timely Notice of Appeal from various Orders of the court.

The Plaintiffs have moved to strike the Defendant's Renewed Motion for Judgment as a Matter of Law, or for New Trial, as untimely. The Plaintiffs point out that the 28 day time limit

---

[1] The rule provides that unless a different time is set, the last day ends "for electronic filing, at midnight in the court's time zone." Fed. R. Civ. P. 6(a)(4).

under Rules 50 and 59 may not be extended by the court.  See Fed. R. Civ. P. 6(b)(2); *see also Cavaliere v. Allstate Ins. Co.*, 996 F.2d 111, 113 (11th Cir. 1993).

In response, ASU states that is it not seeking to have the court extend the deadline, but instead argues that this court should exercise discretion to construe its filing as having been properly made because it would have been timely but for unforeseen technical problems.

ASU points to the United States District Court for the Middle District of Alabama General Order No. 2:04-mc-3164, which states that "[d]ue to extraordinary circumstances in a particular case, a . . . Judge may modify the requirements of the administrative procedures as justice may require."  ASU, however, seeks not to modify the procedures, but to have the court conclude that ASU had difficulty in using the procedures, and therefore is excused from meeting its deadline.

ASU cites to cases for the proposition that difficulties with electronic filing may excuse late filing.  The only one of those cases which involves a Renewed Motion for Judgment as a Matter of Law, however, does not, as ASU contends, state that the argument that a filing is untimely if it is one minute late is a frivolous argument, but instead states that the position that the filing was a minute late was itself frivolous, because the court docket reflected that the filing was on the correct date.  *Hillside Prods., Inc. v. County of Macomb*, No. 06-11566, 2008 WL 4058512, at *2 (E.D. Mich. Aug. 28, 2008).  In this case, there is no dispute that the filing was completed after midnight according to the court docket.

The court cannot conclude that the circumstances of this case support an exercise of discretion to construe ASU's filing after midnight as a filing completed before midnight on the due date.  ASU's motion largely incorporates its previous motions by reference and, in those

3

portions, did not require substantial time to prepare.  By his own admission, ASU's counsel waited until three or four minutes before the expiration of a 28 day deadline to begin the process of electronic filing.  Under these circumstances, the court will not consider the motion to be a timely Rule 50 or Rule 59 Motion.

ASU has alternatively argued that an untimely Rule 59 motion ought to be construed as a Rule 60(b)(6) motion.  This appears to be the procedure adopted by the Eleventh Circuit. *Mahone v. Ray,* 326 F.3d 1176, 1178 (11th Cir. 2003) (stating "because it was not filed within [the required number of] days of the district court's entry of judgment, Mahone's motion is cognizable only as a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b)."); *Jones v. Southern Pan Services*, 450 F. App'x. 860, 863 (11th Cir. 2012).  Therefore, the court will construe the motion as a Rule 60(b) motion.

Federal courts grant relief under Rule 60(b)(6) only for extraordinary circumstances. *Frederick v. Kirby Tankships, Inc.*, 205 F.3d 1277, 1288 (11th Cir. 2000).  "[A] Rule 60(b)(6) movant must persuade [the court] that the circumstances are sufficiently extraordinary to warrant relief." *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1317 (11th Cir. 2000) (internal quotation marks omitted).  Whether to grant the requested relief is within the court's discretion. *Id.*

The court has carefully reviewed the submissions in support of and in opposition to the motion, which this court has construed as a Rule 60(b)(6) motion.  For the most part, ASU has merely referred to, or again raised, arguments earlier raised, and rejected by the court, particularly with respect to retaliation claims.  With respect to those arguments, the Rule 60(b) standard of extraordinary circumstances has not met, and the court declines to grant the relief requested.

To the extent that new arguments have been raised, such as the excessiveness of the verdicts, upon thorough review, the court also finds that ASU has not established extraordinary circumstances for relief, and declines to grant the relief requested. The court will, however, address more specifically some of these arguments.

The court notes that ASU has argued that the Plaintiffs failed to show legally sufficient evidence that any of the three Plaintiffs suffered harassment on the basis of her race because the comments made, while racial in nature, were not based on race. ASU contends that there was no evidence that the African American supervisor treated white persons differently, so that there is no evidence that the racial comments were race-based. The court cannot agree. *See, e.g., Williams v. Wendler*, 530 F.3d 584, 587 (7th Cir. 2008) (stating that "[t]here can, it is true, be 'racial' discrimination within the same race, broadly defined, because 'race' is a fuzzy term . . . .").  At trial, there was evidence that the supervisor, LaVonette Bartley, used racial terms in a pejorative way, and distinguished between African Americans and whites, indicating a preference for whites. Such evidence included her insisting on the use of buses other than the ASU school bus line, referring to it as a "nigga bus line," and telling African Americans that they were to talk to the black side of her hand and white people to the white side of her hand. Furthermore, Plaintiff Burkhalter, also subjected to racial terms, is not white, but is a person of mixed racial heritage, so the harassment of her does not undermine the hostile environment claims under the totality of the circumstances.

ASU's primary strategy at trial appeared to be to deny that the conduct, particularly comments by Bartley, testified to by the Plaintiffs even occurred. For instance, Bartley testified but did not admit that she used racial epithets at ASU. The jury was instructed that conduct had

5

to be race-based to constitute racial harassment. The jury was entitled to conclude based on the evidence that the racial comments did occur, and, in the absence of any other explanation being offered in evidence, that the conduct was race-based.

ASU has also argued in its reply that because the jury rejected Plaintiff Williams' sexual harassment claim, it could not have found in favor of Plaintiff Burkhalter on her sexual harassment claim, because it rejected evidence of Bartley's comments, and the evidence regarding John Knight was insufficient to establish a claim. Burkhalter, however, was the only Plaintiff who based her claim on evidence of comments and conduct by both Bartley and Knight. The jury could conclude, based on the totality of the circumstances, as instructed, that only Burkhalter, who was subjected to acts of sexual harassment by two persons, was subjected to a sexual harassment hostile environment.

In summary, the court has construed ASU's late-filed post-trial motion as a Rule 60(b) motion, and concludes that ASU has not met its burden of establishing extraordinary circumstances for relief under Rule 60(b). Accordingly, it is hereby ORDERED as follows:

1. The Motion to Strike (Doc. #193) is GRANTED only to the extent that the court denies the Rule 50 and 59 motion as untimely, but construes the motion as a Rule 60(b)(6) motion.

2. Defendant's Motion (Doc. #182), construed as a Rule 60(b)(6) motion, is DENIED.

Done this 23rd day of July, 2012.

                                            /s/ W. Harold Albritton
                                            W. HAROLD ALBRITTON
                                            SENIOR UNITED STATES DISTRICT JUDGE